UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTONIO CABALLERO,

    Plaintiff

V.                                             No. 3:20-MC-90(RNC)

FUERZAS ARMADAS REVOLUCIONARIAS
DE COLUMBIA and
NORTE DE VALLE CARTEL,

    Defendants

**TEMPORARY RESTRAINING ORDER FREEZING ACCOUNT PENDING HEARING ON APPLICATION FOR TURNOVER ORDER**

    Plaintiff Antonio Caballero has moved for issuance of (1) a temporary restraining order ("TRO") freezing assets in an account in the name of ALBA Petroleos at Interactive Brokers, LLC, in Greenwich, Connecticut, without prior notice; and (2) an order requiring ALBA Petroleos and Interactive Brokers to appear at a hearing to show cause why funds in the account should not be turned over to satisfy a judgment that plaintiff has obtained against the Revolutionary Armed Forces of Colombia – People's Army ("FARC").  Both requests are hereby granted.

    Plaintiff is attempting to execute on a judgment he has obtained against FARC and Norte de Valle Cartel based on the kidnapping, torture and murder of his father, a former U.N. ambassador, politician, and outspoken critic of narcotics traffickers in Colombia.  The underlying judgment, which

1

includes approximately $45 million in compensatory damages, has been registered in this court but plaintiff's attorneys have been unable to find accounts in Connecticut in the names of FARC or Norte de Valle Cartel.

In the present motion, plaintiff invokes section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), codified at 28 U.S.C. § 1610 note, which allows for attachment and turnover of "blocked assets" of a "terrorist party," or its agency or instrumentality, to satisfy a judgment against the terrorist party.  Plaintiff's submissions provide a sufficient basis for concluding, for present purposes, that ALBA Petroleos's account at Interactive Brokers is subject to attachment under TRIA.

In particular, plaintiff submits affidavits by John Robert McBrien, former Associate Director for Global Targeting at the Office of Foreign Assets Control ("OFAC").  These affidavits establish a reasonable likelihood that ALBA Petroleos is a blocked party for purposes of TRIA execution because it is owned by another agent or instrumentality of FARC, known as PDVSA, the assets of which have been blocked by OFAC.  ECF Doc. 28-4 (Third McBrien Decl) ¶ ¶11-12.  See U.S. Dept. Treasury, Revised Guidance on Entities Owned by Persons Whose Property and Interests in Property are Blocked, (Aug. 13, 2014).  The McBrien affidavits further establish a reasonable likelihood that ALBA Petroleus is used to launder FARC's money.

Issuance of the requested freeze order without prior notice to ALBA Petroleous or Interactive Brokers appears to comport with due process.  The Second Circuit has not addressed the constitutionality of ex parte attachment of property under TRIA.  But the Eleventh Circuit has held that agencies or instrumentalities of terrorist parties have no right to notice before funds are attached.  <u>Stansell v. Revolutionary Armed Forces of Colombia</u>, 771 F.3d 713, 729 (11th Cir. 2014). See also <u>Stansell v. Revolutionary Armed Forces of Columbia</u>, No. 16-MC-405 (ALC), Doc. 19, (S.D.N.Y. Jan 23 2019)(granting ex parte motion for attachment under TRIA).

The requested freeze order also appears to comport with state law, which governs the procedure for attaching funds under TRIA.  <u>See</u> <u>Stansell</u>, 771 F.3d at 730.  Plaintiff relies on Connecticut General Statutes § 52-356(b), which provides that a court "may issue a turnover order against a judgment debtor, without notice or hearing, upon affidavit by the judgment creditor or another competent affiant stating facts from which the court concludes that there is a reasonable likelihood that the judgment debtor is about to remove the property from the state or is about to fraudulently dispose of the property with intent to hinder, delay or defraud his creditors." Conn. Gen. Stat. Ann. § 52-356b(c).  Plaintiff contends that although this provision does not expressly authorize issuance of an ex parte order freezing

assets of a third party, it should be construed to permit the order requested here for essentially two reasons: a freeze order is a minimal interference with property compared to a turnover order, and ALBA Petroleus is an alter ego of the judgment debtor, FARC.  Crediting Mr. McBrien's affidavits that FARC uses ALBA Petroleus for money laundering, I agree that the statute authorizes issuance of a freeze order without prior notice in this instance.

   Finally, issuance of the requested order appears to comport with Federal Rule of Civil Procedure 65, which permits a TRO to be issued without notice when the applicant demonstrates that notice should not be required.  Plaintiff contends that "[i]f a temporary restraining order is not granted while this application is pending, the Account may be diminished and the assets concealed . . ."  ECF Doc. 28 ¶ 13.  Plaintiff states that "[d]efendants have not cooperated in disclosing sufficient assets to satisfy this judgment, which is to be expected of a criminal enterprise that murders people."  ECF Doc. 28-7 ¶ 9. In addition, Plaintiff explains that "[t]here are other creditors who have judgments against Defendants and there is a genuine risk the total claims exceed Defendants' assets."  Id. ¶ 11.  So "if the assets are not frozen by this court while the court is considering Plaintiff's motion for a turnover order, it is very

likely they will be involuntarily seized by a third party who is also seeking to satisfy a judgment." Id. ¶ 5.

Accordingly, it is hereby ordered:

1. A hearing will be held in this case on Thursday, January 7, 2021 at 10:00 AM via Zoom.  Plaintiff shall give notice to Interactive Brokers, LLC and ALBA Petroleos de El Salvadaor S.E.M. de C.V.'s ("ALBA Petroleos") (to be served by Plaintiff pursuant to Connecticut General Statutes §52-59 by both courier, such as Federal Express, DHL, UPS or Global Express mail, and by email) of the pendency of the application and of the time when it will be heard by causing a true and attested copy of the Application, the proposed turnover order and of this order to be served upon Interactive Brokers and ALBA Petroleos by some proper officer or indifferent person on or before January 1, 2021, and that due return of service be made to this court. Information about how to access the Zoom meeting will be provided to counsel for Interactive Brokers, LLC and to counsel for ALBA Petroleos once such counsel files an appearance in this matter.
2. On or before January 5, 2021, Interactive Brokers, LLC and ALBA Petroleos will file written appearances of counsel and, in addition, will also file written objections to the application for a turnover order.  If a timely objection is

5

filed, the court will enter a scheduling order at the hearing on January 7, 2021, establishing a date for a further hearing.  If no written objection is filed, the application will be decided on the papers submitted by Plaintiff.

3. Until further order of this Court, Interactive Brokers, LLC, ALBA Petroleos and their officers, directors, representatives, servants, agents, employees and others acting in active concert or participation with them, are restrained from:

   Allowing any withdrawals from ALBA Petroleos de El Salvadaor S.E.M. de C.V.'s ("ALBA Petroleos") account(s) with Interactive Brokers, LLC (collectively "the Account"); allowing any trades in the Account; or acknowledging or creating a security interest in the Account.

4. In accordance with Federal Rules of Civil Procedure 65(b)(2), this order will expire 14 days after entry unless by that time the Court, for good cause, extends it for a like period, or the adverse party consents to an extension.

*NOTICE:  FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO BEING HELD IN CONTEMPT OF COURT.*

Dated at Hartford, Connecticut this 23rd day of December 2020.

                        _____/s/_____

                                Robert N. Chatigny

                          United States District Judge