STATE OF CONNECTICUT:
:  SS: NEWINGTON        JANUARY 15, 2021
COUNTY OF HARTFORD:


Then and by virtue hereof, and by direction of the Plaintiff's Attorney, on January 15, 2021, a true and attested verified copy of the within original TURNOVER ORDER was sent Federal Express, Tracking Number 782656600781 addressed to the within named Defendant:
**INTERACTIVE BROKERS, LLC**
**ONE PICKWICK PLAZA**
**GREENWICH, CT 06830**


I spoke with the security guard at One Pickwick Plaza, Greenwich, CT. He informed me that Interactive Brokers, LLC is operating their business remotely due to Covid. I slid a copy of the Turnover Order under the main door to the office building. The Security Guard called Interactive Brokers to inform them that the Legal Documents were in the lobby. He would not provide his name or the name of the employee that he spoke with at Interactive Brokers. I also emailed a copy of the Turnover Order to **Compliance@interactivebrokers.com** which is the email address provided to me by the security guard.


The documents were delivered by Federal Express at 10:10 am on January 19, 2021.
Proof of delivery is attached.


And afterward on the 15th day of January, 2021, a true and attested verified copy of the within original TURNOVER was mailed by Global Express, Tracking Number 8983 1940 7356 addressed to the within named Defendant:
**ALBA PETROLEOS DE EL SALVADOR S.E.M. DE C.V.**
**BOULEVARD ORDEN DE MALTA SUR BLOCK "A"**
**CASA NUMERO 1 URBANIZACION SANTA ELENA PARQUE**
**INDUSTRIAL EL BOQUERON ANTIGUO CUSCATLAN**
**LA LIBERTAD EL SALVADOR**


The documents were delivered by Global Express at 9:30 am on January 19, 2021.
Proof of delivery is attached.

The within are the original TURNOVER ORDER with my doings hereon endorsed.

| | | |
|---|---|---|
| SERVICE | $ | 80.00 |
| PD FEDERAL EXPRESS | | 18.90 |
| PD GLOBAL EXPRESS | | 119.20 |
| PAGES | | 24.00 |
| 162 MILES | | 93.15 |
| ENDORSEMENTS | | 2.00 |
| TOTAL | $ | 337.25 |

ATTEST:

*[signature]*
TIMOTHY J. BENNETT
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

SUBSCRIBED AND SWORN TO BEFORE
ME THIS 20th DAY OF JANUARY, 2021

*[signature]*
EILEEN FERRATO
NOTARY PUBLIC
MY COMMISSION EXPIRES 11/30/2025

Case 3:20-cv-01939-RNC   Document 55   Filed 01/20/21   Page 3 of 13

1/20/2021                    Yahoo Mail - Antonio Caballero vs. Fuerzas Armadas Reolucionarias De Columbia and Norte De Valle Cartel

# Antonio Caballero vs. Fuerzas Armadas Reolucionarias De Columbia and Norte De Valle Cartel

From: Gina (connecticutmarshal@yahoo.com)

To: compliance@interactivebrokers.com

Date: Friday, January 15, 2021, 12:33 PM EST

Attached please find a copy of the Turnover Order which the Marshal served at your location in Greenwich today January 15, 2021. This email serves as a courtesy copy to ensure your receipt of said Turnover Order.

Timothy J. Bennett
Connecticut State Marshal


*We have moved!*
*Please note our new email address above.*
*Our new address is as follows:*
*383 Silas Deane Highway, lower level*
*Wethersfield, CT 06109*
*860-571-2980 (phone)*
*860-571-8490 (fax)*

 Antonio Caballero vs. Fuerzas Armadas Reolucionarias De Columbia and Norte De Valle Cartel.pdf
1.6MB



TRACK ANOTHER SHIPMENT

782656600781

ADD NICKNAME



# Delivered
## Tuesday, January 19, 2021 at 10:10 am

**DELIVERED**
Signed for by: P.VAGNONE
GET STATUS UPDATES
OBTAIN PROOF OF DELIVERY

**FROM**
Newington, CT US

**TO**
GREENWICH, CT US

## Shipment Facts

**TRACKING NUMBER**
782656600781

**SERVICE**
FedEx 2Day

**WEIGHT**
0.5 lbs / 0.23 kgs

**DELIVERED TO**
Mailroom

**TOTAL PIECES**
1

**TOTAL SHIPMENT WEIGHT**
0.5 lbs / 0.23 kgs

**TERMS**
Shipper

**PACKAGING**
FedEx Envelope

**SPECIAL HANDLING SECTION**
Deliver Weekday

**SHIP DATE**
1/15/21

**STANDARD TRANSIT**
1/19/21 by 4:30 pm

**ACTUAL DELIVERY**
1/19/21 at 10:10 am

## Travel History

**TIME ZONE**
Local Scan Time

**Tuesday, January 19, 2021**

| Time | Location | Status |
|---|---|---|
| 10:10 AM | GREENWICH, CT | Delivered |
| 9:07 AM | ELMSFORD, NY | On FedEx vehicle for delivery |
| 7:57 AM | ELMSFORD, NY | At local FedEx facility |

### Monday, January 18, 2021

| | | |
|---|---|---|
| 10:46 AM | ELMSFORD, NY | At local FedEx facility |
| 9:31 AM | ELMSFORD, NY | At local FedEx facility<br>Package not due for delivery |
| 6:39 AM | ELMSFORD, NY | At local FedEx facility |
| 2:27 AM | NEWARK, NJ | Departed FedEx location |

### Sunday, January 17, 2021

| | | |
|---|---|---|
| 8:00 PM | NEWARK, NJ | In transit |
| 7:58 PM | NEWARK, NJ | Arrived at FedEx location |
| 5:05 PM | MEMPHIS, TN | Departed FedEx location |
| 8:31 AM | MEMPHIS, TN | Arrived at FedEx location |
| 7:05 AM | NEWARK, NJ | Departed FedEx location |

### Saturday, January 16, 2021

| | | |
|---|---|---|
| 9:08 PM | NEWARK, NJ | Arrived at FedEx location |

### Friday, January 15, 2021

| | | |
|---|---|---|
| 9:48 PM | WINDSOR LOCKS, CT | Left FedEx origin facility |
| 3:28 PM | WINDSOR LOCKS, CT | Picked up |
| 1:41 PM | | Shipment information sent to FedEx |
| 2:41 PM | NEWINGTON, CT | Picked up<br>Tendered at FedEx Office |



TRACK ANOTHER SHIPMENT

898319407356

ADD NICKNAME



# Delivered
## Tuesday, January 19, 2021 at 9:30 am

**DELIVERED**
Signed for by: S FERNANDEZ

GET STATUS UPDATES

OBTAIN PROOF OF DELIVERY

| FROM | TO |
|---|---|
| WETHERSFIELD, CT US | LA LIBERTAD, SV |

## Shipment Facts

| | | |
|---|---|---|
| **TRACKING NUMBER** 898319407356 | **SERVICE** International Priority | **WEIGHT** 0.6 lbs / 0.27 kgs |
| **TOTAL PIECES** 1 | **TOTAL SHIPMENT WEIGHT** 0.6 lbs / 0.27 kgs | **TERMS** Third Party |
| **SHIPPER REFERENCE** 8319407353 | **PACKAGING** FedEx Envelope | **SPECIAL HANDLING SECTION** Deliver Weekday |
| **SHIP DATE** 1/15/21 | **STANDARD TRANSIT** 1/26/21 by 6:00 pm | **ACTUAL DELIVERY** 1/19/21 at 9:30 am |

## Travel History

**TIME ZONE**
Local Scan Time

**Tuesday, January 19, 2021**

| Time | Location | Status |
|---|---|---|
| 9:30 AM | LA LIBERTAD SV | Delivered |
| 8:07 AM | SAN SALVADOR SV | On FedEx vehicle for delivery |
| 8:07 AM | SAN SALVADOR SV | In transit Tendered to authorized agent for final delivery |

**Monday, January 18, 2021**

| Time | Location | Status |
|---|---|---|
| 3:20 PM | SAN SALVADOR SV | In transit<br>Tendered to authorized agent for final delivery |
| 1:21 PM | SAN SALVADOR SV | At local FedEx facility |
| 12:05 PM | SAN SALVADOR SV | International shipment release - Import |

**Saturday, January 16, 2021**

| Time | Location | Status |
|---|---|---|
| 4:34 PM | SAN SALVADOR SV | In transit<br>Package available for clearance |
| 8:25 AM | MIAMI, FL | In transit |
| 8:24 AM | MIAMI, FL | In transit |
| 6:25 AM | MIAMI, FL | At destination sort facility |
| 3:36 AM | MEMPHIS, TN | Departed FedEx location |
| 1:10 AM | MEMPHIS, TN | In transit |

**Friday, January 15, 2021**

| Time | Location | Status |
|---|---|---|
| 11:52 PM | MEMPHIS, TN | Arrived at FedEx location |
| 9:17 PM | EAST GRANBY, CT | Picked up |

Collapse History ∧

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTONIO CABALLERO,

       Plaintiff

V.                            No. 3:20-CV-1939(RNC)

FUERZAS ARMADAS REVOLUCIONARIAS
DE COLUMBIA and
NORTE DE VALLE CARTEL,

       Defendants

**TURNOVER ORDER**

Plaintiff Antonio Caballero has moved for an order requiring Interactive Brokers, LLC, of Greenwich, Connecticut ("Interactive Brokers") to turnover to plaintiff's levying officer funds in accounts at Interactive Brokers held in the name of ALBA Petroleos de El Salvadaor S.E.M. de C.V. ("ALBA Petroleos"), which he claims is an agency and instrumentality of Fuerzas Armadas Revolucionarias De Colombia ("FARC"). For reasons stated below, plaintiff's application for a turnover order is granted in the amount of $41,734,153.93.

Plaintiff is attempting to execute on a final default judgment he obtained last year in the United States District Court for the Southern District of Florida against FARC and others based on the kidnapping, torture and murder of his father, a U.N. ambassador, politician and outspoken critic of narcotics traffickers in Columbia. See Order on Motion for

1

Default Final Judgment, <u>Antonio Caballero v. Fuerzas Armadas Revolucionarias De Columbia, et al.</u>, Case No. 1:18-cv-25337-KMN (S.D. Fl. May 20, 2020). The judgment was entered on the basis of findings made by a state court in a prior action brought by plaintiff seeking redress for the murder of his father. The judgment includes approximately $45 million in compensatory damages, the sum awarded by the state court following a non-jury trial. See id. at 14.

On December 23, 2020, a temporary restraining order was entered in this case freezing ALBA Petroleos's accounts with Interactive Brokers pending a hearing on plaintiff's motion for a turnover order. Doc. 43. The TRO required Interactive Brokers and ALBA Petroleos to file appearances of counsel and objections to the application for a turnover order on or before January 5. Return of service was docketed on January 4. Doc. 45. Neither Interactive Brokers nor ALBA Petroleos has filed an appearance or objection or requested an extension of time to do so. Nor is there any indication that either of them has attempted to contact the Court in any way. As a result, plaintiff's application for a turnover order is being decided on the basis of the papers that have been filed in the docket of this case.

Section 201(a)(d)(4) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), codified at 28 U.S.C. § 1610 note, authorizes a

federal district court to order the turnover of "blocked assets" of a "terrorist party," or its "agency or instrumentality," to satisfy a judgment for a claim based on an "act of terrorism," provided execution is sought only to the extent of any compensatory damages.  See Weininger v. Castro, 462 F. Supp. 2d 457, 479 (S.D.N.Y. 2006).  Thus, plaintiff is required to show that (1) ALBA Petroleus is a "terrorist party" or an "agency or instrumentality of [a] terrorist party"; (2) the funds in the accounts are "blocked assets"; and (3) the judgment is for a claim based on an "act of terrorism."  Plaintiff submits that all these requirements are satisfied.  I agree.

Under the TRIA, a "terrorist party" includes "a terrorist organization as defined in section 212(a)(3)(B)(vi) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(3)(B)(vi)))."  TRIA §201(d)(4).  As defined in the INA, "a terrorist organization" includes an organization that engages in terrorist activity as there described, including "assassination."  See 8 U.S.C. 1182(a)(3)(B)(iii)(IV), (vi)(III).  In the prior state court action, the Court found that FARC's purpose in murdering plaintiff's father was to "send a message to other potentially uncooperative landowners in the region that resistance to the defendants' demands would not be tolerated and would result in them being targeted for kidnapping for ransom and/or assassination."  Given this finding, I conclude that FARC's

3

murder of plaintiff's father was an "assassination" within the meaning of the statute. This "assassination" in itself makes FARC a "terrorist party" for purposes of attachment and execution under the TRIA.

"To demonstrate that Defendants are 'agencies or instrumentalities' of a terrorist party under the TRIA . . . Plaintiffs must show that each Defendant (1) was a means through which a material function of the terrorist party is accomplished, (2) provided material services to, on behalf of, or in support of the terrorist party, or (3) was owned, controlled, or directed by the terrorist party." Kirschenbaum v. 650 Fifth Ave. & Related Properties, 830 F.3d 107, 133 (2d Cir. 2016), abrogated on other grounds by Rubin v. Islamic Republic of Iran, 138 S.Ct. 816 (2018). I conclude that ALBA Petroleos is an agent or instrumentality of FARC under this definition because plaintiff has shown that FARC uses ALBA Petroleos to launder money.

"The TRIA defines 'blocked asset' to include 'any asset seized or frozen by the United States under . . . sections 202 and 203 of the [IEEPA] (50 U.S.C. 1701; 1702).'" Kirschenbaum, 830 F.3d at 137. When the Office of Foreign Assets Control (OFAC) blocks an entity's assets, the assets of any entity over which that blocked entity has greater than 50% ownership are also deemed blocked. See U.S. Dep't Treasury, Revised Guidance

4

on Entities Owned by Persons Whose Property and Interests in Property are Blocked, (Aug. 13, 2014). OFAC has blocked the assets of PDVSA, which has more than 50% ownership of ALBA Petroleos. Doc. 28-4 (Third McBrien Decl) ¶ ¶11-12. OFAC blocked PDVSA's assets pursuant to Executive Order 13850, which was issued pursuant to authority vested in the President by the IEEPA. I conclude, therefore, that funds of ALBA Petroleus in accounts at Interactive Brokers constitute "blocked assets" subject to execution under the TRIA.

Under the TRIA, an "act of terrorism" includes "any terrorist activity (as defined in section 212(a)(3)(B)(iii) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(3)(B)(iii)))." As discussed above, "terrorist activity" as defined in the INA includes "assassination." Thus, the final default judgment is based on a claim for "an act of terrorism" under the TRIA.

I further conclude that Connecticut General Statutes § 52-356(b), and, alternatively, § 52-552h(b), authorize this Court to issue the requested turnover order.

Accordingly, it is hereby ordered:

1. Interactive Brokers shall forthwith turnover to plaintiff's levying officer any account in the name of ALBA Petroleos de El Salvadaor S.E.M, de C.V. ("the Account") as well as any proceeds of the Account. If the value of the Account

5

and proceeds exceeds $41,734,153.93, Interactive Brokers shall turn over only $41,734,153.93.

2. Until the Account and proceeds are turned over to plaintiff's levying officer in compliance with this Order, Interactive Brokers and ALBA Petroleos and their officers, directors, representatives, servants, agents, employees and others acting in active concert or participation with them are hereby restrained from taking the following actions:

   a. Allowing any withdrawals from the Account;

   b. Allowing any trades in the Account; and

   c. Acknowledging or creating a security interest in the Account.

***NOTICE: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO BEING HELD IN CONTEMPT OF COURT.***

**NOTICE TO ANY THIRD PARTIES: You are hereby notified of your right pursuant to Connecticut General Statutes § 52-356(c) to a determination of any interest you may claim in the property which is the subject of this turnover order.**

Dated at Hartford, Connecticut this 14th day of January 2021.

                              _____/s/_RNC_____
                                      Robert N. Chatigny
                              United States District Judge