IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTONIO CABALLERO,<br>        Plaintiff,<br><br>v.<br><br>FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA and NORTE DE VALLE CARTEL,<br><br>        Defendants,<br><br>v.<br><br>INTERACTIVE BROKERS LLC,<br><br>        Turnover Garnishee. | Civil Action No. 3:20-cv-1939 (RNC)<br><br>February 5, 2021 |

INTERACTIVE BROKERS LLC,

  Counter-Claimant and Third-Party Claimant,

v.

ANTONIO CABALLERO,

        Counterclaim Respondent,

KEITH STANSELL, MARC GONSALVES, THOMAS HOWES, JUDITH G. JANIS, CHRISTOPHER T. JANIS (individually and as personal representative and sole heir of the estate of GREER C. JANIS), MICHAEL I. JANIS, JOHNATHAN N. JANIS, OLIVIA PESCATORE, JOSH PESCATORE, JADA PESCATORE, JARROD PESCATORE, JORDAN PESCATORE, CAROLE PESCATORE HARPSTER (individually and as the representative of the estate of FRANK PESCATORE SR.), RICHARD PESCATORE, JOHN PESCATORE, CAROLYN PESCATORE, and ALBA PETROLEOS DE EL SALVADOR S.E.M. DE C.V.

        Third-Party Respondents.

# INTERACTIVE BROKERS LLC'S COUNTERCLAIMS AND THIRD-PARTYCOMPLAINT

Counter-Claimant and Third-Party Claimant Interactive Brokers LLC ("Interactive Brokers"), a neutral stakeholder in this matter, hereby asserts counterclaims and third-party claims for relief as set forth herein.

## Nature of the Proceedings

1. Interactive Brokers is a brokerage firm headquartered in Greenwich, Connecticut. Interactive Brokers holds an account (the "Account") that is in the name of ALBA Petroleos de El Salvador S.E.M. de C.V. ("ALBA Petroleos"). The Account has been blocked pursuant to regulations of the Office of Foreign Assets Control ("OFAC"), an agency of the United States Department of Treasury. The Account is held in Connecticut and is the subject of competing claims asserted by several judgment creditors.

2. Interactive Brokers is aware that three sets of judgment creditors have obtained judgments in United States courts against the Revolutionary Armed Forces of Colombia (also known as Fuerzas Armadas Revolucionarias De Colombia, or "FARC") and others in connection with acts of terrorism. These judgment creditors assert that ALBA Petroleos is an agent or instrumentality of FARC and that the blocked assets of ALBA Petroleos, *i.e.*, the Account, is subject to attachment and execution under Section 201(a)(d)(4) of the Terrorism Risk Insurance Act of 2002 ("TRIA") to satisfy their judgments against FARC.

3. Interactive Brokers is a neutral stakeholder with respect to these competing claims. Interactive Brokers' interest in this matter is to ensure that all persons known to have a claim to the Account receive notice and have an opportunity to be heard, that there is a single proceeding to adjudicate the disputed claims, and to avoid duplicative or conflicting court rulings with respect to interested persons' rights to the Account.

2

4.      Pursuant to Connecticut General Statutes §§ 52-356c and 52-484, Rule 22 of the Federal Rules of Civil Procedure ("FRCP"), and §§ 1335 and 2361 of Title 28, United States Code, Interactive Brokers seeks a determination from the Court as to the rights, if any, the parties have with respect to the Account.

The Parties

5.      Interactive Brokers is a brokerage firm headquartered in Greenwich, Connecticut. Interactive Brokers holds the Account in Connecticut.

6.      Antonio Caballero ("Caballero") commenced this action (the "Caballero Judgment Action") (electronic filings cited herein as "*Caballero*, ECF No. __"), to enforce a judgment against FARC in the amount of $46,729,667.  (*See Caballero*, ECF No. 1.)  Caballero represents that he is a citizen of Florida.

7.      Olivia Pescatore, Josh Pescatore, Jada Pescatore, Jarrod Pescatore, Jordan Pescatore, Carol Pescatore Harpster (individually and as the representative of the estate of Frank Pescatore Sr.), Richard Pescatore, John Pescatore, and Carolyn Pescatore (collectively, the "Pescatore Claimants") commenced an action styled *Olivia Pescatore et al. v. Juvenal Ovidio Ricardo Palmera Pineda et al.*, No. 1:18-mc-00545-ALC, in the United States District Court for the Southern District of New York (the "Pescatore Judgment Action") (electronic filings cited herein as "*Pescatore*, ECF No. __") to enforce a judgment against FARC in the amount of $69,000,000.  (*See Pescatore*, ECF No. 1.)  Upon information and belief, the Pescatore Claimants are citizens of the states of Alabama and New Jersey.

8.      Keith Stansell, Marc Gonsalves, Thomas Howes, Judith G. Janis, Christopher T. Janis (individually and as personal representative and heir to the estate of Greer C. Janis, Michael I. Janis, and Jonathan N. Janis (collectively, the "Stansell Claimants") commenced an

3

action styled *Stansell et al. v. FARC et al.*, 1:16-mc-00405-ALC, in the United States District Court for the Southern District of New York (the "Stansell Judgment Action") (electronic filings cited herein as "*Stansell*, ECF No. __") to enforce a judgment against FARC in the amount of $318,030,000. (*See Stansell*, ECF No. 1.)[1] The Stansell Claimants have represented that they are citizens of the states of Florida, Alabama, New York, and the Commonwealth of Virginia.

9. For ease of reference, Caballero, the Pescatore Claimants, and the Stansell Claimants are referred to collectively herein as the "Judgment Creditors."

10. Upon information and belief, ALBA Petroleos, the accountholder of the Account that was blocked pursuant to regulations of OFAC, is a subsidiary of Venezuela's state-owned oil company PDVSA, which has more than 50% ownership of ALBA Petroleos. (*See Caballero*, ECF No. 53 at 5.)

Jurisdiction and Venue

11. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 because the Judgment Creditors have alleged claims arising under the laws and treaties of the United States, in particular the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297; 116 Stat. 2337, codified at 28 U.S.C. § 1610 Note, and pursuant to 28 U.S.C. § 1367(a) because the matters at issue in this proceeding are so related to the first of the above-captioned proceedings, which is in the original jurisdiction of this Court, that they form part of the same case or controversy. Upon information and belief, this Court also has subject matter jurisdiction

---

[1] According to their respective filings, the Pescatore Claimants and Stansell Claimants have executed a Confidential Joint Prosecution and Sharing Agreement with respect to their post-judgment executions and "they are not competing creditors or adverse claimants." (*Pescatore*, ECF No. 63 at 6 n.4; *Stansell*, ECF No. 137 at 6 n.4.) Interactive Brokers takes no position with respect to this assertion.

over this proceeding pursuant to 28 U.S.C. § 1335 because it involves money or property valued at $500 or more in the custody or possession of Interactive Brokers and at least two of the adverse claimants are of diverse citizenship.

12. This Court has personal jurisdiction over the Judgment Creditors and ALBA Petroleos because the federal interpleader statute provides for nationwide service of process. *See* 28 U.S.C. § 1335, 2361. Additionally, the Account is located in this District, and therefore this Court has jurisdiction over the Account and may exercise *quasi in rem* jurisdiction over the Judgment Creditors and ALBA Petroleos to adjudicate their claims to the Account.

13. Venue over this proceeding is proper pursuant to 28 U.S.C. § 1391(b)(2) because the property that is the subject of this proceeding is located in this District. *See Doe v. Ejercito De Liberacion Nacional*, No. 15 CV 8652-LTS, 2015 WL 9077344, at *3 (S.D.N.Y. Dec. 16, 2015) (holding that an interpleader action was properly venued in the district where the accounts subject to turnover were held notwithstanding that no claimant resided in that district because "the use of 'may' (rather than 'must') in the federal interpleader statute is intended to expand, rather than limit, the general statutory venue provision of 28 U.S.C. § 1391, which permits venue where 'a substantial part of the property that is the subject of the action is situated'").

Factual Background

*The Competing Judgment Actions*

14. On or about October 16, 2020, Caballero commenced the Caballero Judgment Action to enforce a judgment against FARC in the amount of $46,729,667 obtained in an action styled *Antonio Caballero v. Revolutionary Armed Forces of Colombia*, No. 18-cv-25337 (S.D. Fla.). (*See Caballero*, ECF No. 1.)

15. On or about November 27, 2018, the Pescatore Claimants commenced the Pescatore Judgment Action to enforce a judgment against FARC in the amount of $69,000,000 obtained in an action styled *Pescatore et al. v. Pineda et al.*, No. 08-cv-02245 (D.D.C.). (*See Pescatore*, ECF No. 2.)

16. On or about November 10, 2018, the Stansell Claimants commenced the Stansell Judgment Action to enforce a judgment against FARC in the amount of $318,030,000 obtained in an action styled *Stansell v. Revolutionary Armed Forces of Colombia (FARC), et al.*, No. 8:09-cv-2308-T-26-MAP (M.D. Fla.). (*See Stansell*, ECF No. 5.)

*The Judgment Creditors' Efforts to Enforce Their Judgments With Respect to the Account Caballero*

17. On or about November 6, 2020, Caballero filed a sealed application for an *ex parte* turnover order in this Court. (*Caballero*, ECF No. 28.)

18. On or about December 23, 2020, this Court issued a sealed Temporary Restraining Order Freezing Account Pending Hearing on Application for Turnover Order (the "TRO") with respect to the Account. (*Caballero*, ECF No. 43.)

19. According to the marshal's affidavit of service filed on January 4, 2021 (*Caballero*, ECF No. 45), on December 24, 2020, the marshal attempted in-person service of the TRO and related papers at the Greenwich, Connecticut headquarters of Interactive Brokers, but in-person service was not accomplished because Interactive Brokers' workforce has been working remotely due to the COVID-19 pandemic. The marshal states that, also on December 24, 2020, he served the TRO and related papers to Interactive Brokers by U.S. Postal Service priority mail and via e-mail to a compliance e-mail address at Interactive Brokers as directed by the security guard at the premises. The marshal's e-mail stated that it did not attach any

documents because they were too large and instead included a link.  This e-mail was received on Interactive Brokers' system at the compliance e-mail address on December 24, 2020.  However, the marshal's e-mail was flagged as a potential phishing e-mail and thus the link was not accessed by Interactive Brokers when received.

20. The marshal's U.S. Postal Service mailing of the TRO was delivered to Interactive Brokers in Greenwich on or about January 4, 2021.  (*Caballero*, ECF No. 45.)

21. According to the marshal's affidavit of service, on December 24, 2020, the marshal served the TRO and related papers to ALBA Petroleos by mail via Global Express.  The Global Express mailing was delivered to ALBA Petroleos on December 31, 2020.  On December 30, 2020, the marshal also attempted service of the TRO and related papers to ALBA Petroleos by e-mail, but the e-mails were returned as undelivered.  (*Caballero*, ECF No. 45.)

22. On January 14, 2021, this Court issued a turnover order based on the papers filed by Caballero (the "Connecticut Turnover Order").  (*Caballero*, ECF No. 53.)

23. As set forth in the Connecticut Turnover Order, this Court concluded that ALBA Petroleos is an agent or instrumentality of FARC and that the blocked assets of ALBA Petroleos, *i.e.* the Account, were subject to attachment and execution by Caballero under TRIA.  The Court further concluded that Conn. Gen. Stat. § 52-356b and, alternatively, § 52-552h(b), authorized the Court to issue the requested turnover order.  (*Caballero*, ECF No. 53.)

24. On January 15, 2021, Caballero served the Connecticut Turnover Order on Interactive Brokers.  (*See Caballero*, ECF No. 55.)

*Pescatore and Stansell*

25. On December 15, 2020, the United States District Court for the Southern District of New York (the "New York Federal Court") granted sealed *ex parte* motions for writ of

execution filed by the Pescatore Claimants and the Stansell Claimants, respectively.  (*Pescatore*, ECF No. 40; *Stansell*, ECF No. 114.)

26.     Upon information and belief, on December 16, 2020, the SDNY Orders and Judgments Clerk issued the writs of execution, and they were delivered to the specially appointed process server.  (*See Pescatore*, ECF No. 63 at 19; *Stansell*, ECF No. 137 at 19.)

27.     On December 29, 2020, Interactive Brokers accepted service by e-mail of the writs of execution issued by the New York Federal Court relating to the Pescatore Judgment Action and the Stansell Judgment Action.  The executions relating to both the Pescatore Judgment Action and the Stansell Judgment Action reference the Account as property that is subject to execution.

28.     On January 15, 2021, the Pescatore Claimants and the Stansell Claimants filed motions for TRIA turnover in the Pescatore Judgment Action and the Stansell Judgment Action, respectively (the "New York Turnover Motions").  (*Pescatore*, ECF No. 62; *Stansell*, ECF No. 136.)  In these motions, the Pescatore Claimants and Stansell Claimants sought a turnover order against Interactive Brokers to require the turnover of the Account to them.

29.     On January 26, 2021, the Pescatore Claimants and Stansell Claimants issued restraining notices to Interactive Brokers and its counsel pursuant to Section 5222 of the New York Civil Practice Law and Rules purporting to prohibit transfer of the Account except pursuant to an order of the New York Federal Court.

*The Judgment Creditors' Dispute Concerning Priority and Jurisdiction*

30.     The Judgment Creditors dispute who has priority to the Account.

31.     Caballero claims that he has priority to the Account.  Caballero has asserted that the Account is located solely in Connecticut and he is the only claimant with a judgment in

Connecticut, that the New York executions obtained by the Pescatore Claimants and the Stansell Claimants have no effect in Connecticut over an account located in Connecticut, and that Caballero served the TRO prior to the Pescatore Claimants' and Stansell Claimants' service of their executions.  (*See, e.g.*, *Stansell*, ECF Nos. 134 & 140.)

34. Caballero asserts that this Court "has jurisdiction over, and has exercised jurisdiction over, the [Account]."  (*Stansell*, ECF No. 140 at 2.)

33. The Stansell Claimants and Pescatore Claimants assert that they have priority to the Account based on the execution lien against the Account as of December 16, 2020, when they claim they delivered the writ of execution to the sheriff.  (*See Pescatore*, ECF No. 63 at 19 ("Plaintiffs' execution lien was created on December 16, 2020, when the SDNY Orders and Judgments Clerk issued the writs of execution, and they were delivered to the specially appointed process server Mike Levey. . . . The subsequent levy of the writ on December 29, 2020 . . . on Interactive [Brokers] merely strengthened the December 16th execution lien."); *Stansell*, ECF No. 137 at 19 (same).)  The Stansell Claimants and Pescatore Claimants further assert that Caballero's underlying default judgment against FARC, which is based on claims asserted under the Anti-Terrorism Act, 18 U.S.C. § 2333, is void and unenforceable for lack of personal jurisdiction against FARC in that action.  (*See Pescatore*, ECF No. 53 at 2-3; *Stansell*, ECF No. 126 at 2-3.)

*Interactive Brokers' Notice and Claim for Determination under Conn. Gen. Stat. § 52-356c*

34. On January 25, 2021, Interactive Brokers filed a Notice and Claim for Determination of Disputed Property pursuant to Conn. Gen. Stat. § 52-356c (the "Claim for Determination").  (*Caballero*, ECF No. 59.)

9

35. In accordance with that statutory authority, Interactive Brokers requested that the Court enter a briefing and scheduling order, conduct a hearing pursuant to Conn. Gen. Stat. § 52-356c, and render judgment determining the respective claimed interests in the Account. (*Caballero*, ECF No. 59.)

36. Interactive Brokers served notice of the Claim for Determination on counsel for all parties known to have claims to the Account, including Caballero, the Pescatore Claimants, the Stansell Claimants, and ALBA Petroleos. *See* Conn. Gen. Stat. § 52-356c(c).

37. The Account remains blocked and is frozen for withdrawals. *See* Conn. Gen. Stat. § 52-356c(d).

38. By letter dated January 25, 2021, Caballero's counsel advised the Honorable Andrew L. Carter, Jr., the judge presiding over the Pescatore and Stansell Judgment Actions, that Interactive Brokers filed the Claim for Determination. (*Pescatore*, ECF No. 77; *Stansell*, ECF No. 156.)

39. On January 27, 2021, Judge Carter ordered the New York Turnover Motions terminated pending the Claim for Determination filed in this Court. In its orders terminating the turnover motions, Judge Carter stated: "Because the District of Connecticut has, and has exercised, jurisdiction over these assets, and Interactive Brokers LLC has requested the Court to conduct 'a single proceeding to adjudicate the disputed claims,' . . . and in the interest of judicial economy and to avoid duplicative and/or conflicting orders, this Court declines to rule on the turnover motion related to those assets." (*Pescatore*, ECF No. 82; *Stansell*, ECF No. 162.)

40. Interactive Brokers, through counsel, has had multiple telephonic and e-mail communications with counsel for each of the Judgment Creditors.

41. The Pescatore Claimants and Stansell Claimants, through counsel, have advised counsel for Interactive Brokers that neither the Pescatore Claimants nor the Stansell Claimants are residents of Connecticut and, therefore, their clients are not subject to jurisdiction in Connecticut. Counsel for the Pescatore Claimants and the Stansell Claimants also have asserted that the Connecticut state law procedure for determining adverse claims (*i.e.*, the Claim for Determination under Conn. Gen. Stat. § 52-356c) cannot force a non-resident competing creditor (*i.e.*, the Pescatore Claimants and Stansell Claimants) to appear in the Caballero Judgment Action.

42. Interactive Brokers has employed the services of Day Pitney LLP to represent it in these garnishment proceedings. Interactive Brokers seeks an award of its fees and costs as a disinterested stakeholder in these proceedings. *See* Conn. Gen. Stat. § 52-484; *Septembertide Pub. B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989) ("A disinterested stakeholder who asserts interpleader is entitled to be awarded costs and attorney's fees.")

43. Interactive Brokers reserves its rights to amend this pleading and to supplement the record on any issue raised in this matter.

## FIRST CLAIM FOR RELIEF

44. Interactive Brokers repeats and realleges each and every allegation set forth in Paragraphs 1 through 43 of this pleading to the same extent as if those allegations were set forth here in full.

45. Section 52-356c of the Connecticut General Statutes provides for a hearing for a determination of interests in disputed property upon request by a judgment creditor or third party upon the application for a turnover order. *See* Conn. Gen. Stat. § 52-356c(a), (f) ("Where a dispute exists between the judgment debtor or judgment creditor and a third person concerning

an interest in personal property sought to be levied on . . . the judgment creditor or third person may . . . make a claim for determination of interests pursuant to this section. . . . After hearing, the court shall render judgment determining the respective interests of the parties and may order disposition of the property or its proceeds in accordance therewith.").)

46. Interactive Brokers is entitled to an order determining the rights, if any, of the Judgment Creditors in and to the Account, and the rights of any other party claiming entitlement to the Account.

## SECOND CLAIM FOR RELIEF

47. Interactive Brokers repeats and realleges each and every allegation set forth in Paragraphs 1 through 43 of this pleading to the same extent as if those allegations were set forth here in full.

48. Caballero asserts that his claims to the Account take precedence over any claims thereto by any other person who has a judgment against FARC or an action pending against FARC, including the Pescatore Claimants and the Stansell Claimants. Likewise, the Pescatore Claimants and the Stansell Claimants assert that their claims to the Account take priority over Caballero's claims (and those of any other party) to the Account. In addition, ALBA Petroleos, through counsel, has informed Interactive Brokers that it objects to the turnover of the Account.

49. Under these circumstances, where there are conflicting claims to funds held by Interactive Brokers, thereby exposing it to the risk of multiple and inconsistent liability with respect to the Account, federal and state law recognizes Interactive Brokers as a disinterested or neutral stakeholder and provides mechanisms for it to bring before the Court any person or adverse claimant with a claim to the Account who may not already be party to the action. *See* Fed. R. Civ. P. 22; 28 U.S.C. §§ 1335, 2361; Conn. Gen. Stat. § 52-484.

50. Accordingly, Interactive Brokers is entitled to a judgment determining the rights, if any, of the Judgment Creditors and ALBA Petroleos in and to the Account, and the rights of any other party claiming entitlement to the Account. Interactive Brokers is also entitled to interplead all other judgment creditors of FARC or persons pursuing lawsuits against FARC who have asserted claims to the Account or other assets in which FARC has or may have an interest, and to obtain a determination by the Court, pursuant to Rule 22 of the FRCP, 28 U.S.C. §§ 1335 and 2361, and Conn. Gen. Stat. § 52-484, of the rights of all interested parties with respect thereto.

51. Interactive Brokers takes no position on the entitlement of the Judgment Creditors to execute on the default judgments held against FARC, or on the defenses that any of the adverse claimants may have against such execution.

52. Interactive Brokers takes the position, however, that to the extent any of the Judgment Creditors and ALBA Petroleos fails to appear to assert a defense to execution or a claim to the Account, the Court may adjudicate and issue final judgment on all issues bearing on the rights of any defaulting party with respect to the Account.

53. Interactive Brokers also takes the position that, to the extent any individuals notified of these proceedings fail to appear in response to such notice to assert a defense to execution, or to assert a claim to the Account, the Court may adjudicate and issue final judgment on all issues bearing on the rights of any absent adverse claimants with respect to the Account.

54. Interactive Brokers further takes the position that to the extent any of the Judgment Creditors or ALBA Petroleos appears, this Court may adjudicate ownership rights under the Account, and such adjudication will permit Interactive Brokers to be relieved of further liability.

WHEREFORE, Interactive Brokers respectfully requests the entry of a judgment:

A.     determining its rights and the rights of each of the Judgment Creditors and other interested parties in the Account;

B.     determining that the service made by Interactive Brokers of this pleading, the summonses, and other relevant documents constitutes good and sufficient service under any applicable provision of law;

C.     determining that this Court has subject matter jurisdiction and in personam and/or in rem jurisdiction over the Judgment Creditors or the Account sufficient to determine the parties' rights with respect to such assets;

D.     determining whether and to what extent the Account is subject to execution to satisfy any judgment in favor of any of the Judgment Creditors against FARC;

E.     discharging Interactive Brokers from any and all liability to the Judgment Creditors, and to any other persons who may have claims to, or an interest in, any funds in the Account that are turned over to satisfy any judgment against FARC;

F.     awarding to Interactive Brokers its costs and expenses in this proceeding, including reasonable attorneys' fees; and

G.     awarding to Interactive Brokers such other relief and further relief as may be just and proper.

INTERACTIVE BROKERS LLC

/s/ *Erick M. Sandler*
Erick M. Sandler (ct25029)
Sara J. van Vliet (ct30690)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT  06103
Telephone: (860) 275-0100
Fax: (860) 967-0793
emsandler@daypitney.com
svanvliet@daypitney.com

Thomas D. Goldberg (ct04386)
DAY PITNEY LLP
One Stamford Plaza
263 Tresser Boulevard
Stamford, CT 06901
Telephone: (203) 977-7300
Fax: (203) 977-7301
tgoldberg@daypitney.com

## CERTIFICATE OF SERVICE

This is to certify that on this 5th day of February, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF system.

Notice has also been sent by e-mail to the following counsel:

Nathanial A. Tarnor
HAGENS BERMAN SOBOL SHAPIRO LLP
322 8th Avenue, Suite 802
New York, New York 10001
Telephone: (212) 752-5455
Fax: (917) 210-3980
nathant@hbsslaw.com

*Attorney for the Pescatore Claimants*

Newt Porter
Tony Korvick
PORTER & KORVICK, P.A.
9655 South Dixie Highway, Suite 208
Miami, Florida 33156
Telephone: (305) 373-5040
Fax: (305) 668-9154
nporter@porterandkorvick.com
tkorvick@porterandkorick.com

*Attorneys for the Stansell Claimants*

Ellen Ross Belfer
LEON COSGROVE LLP
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (305) 570-3243
ebelfer@leoncosgrove.com

*Attorney for ALBA Petroleos*

/s/ *Erick M. Sandler*