UNITED STATES DISTRICT COURT
DISTRICT OF CONNNECTICUT

| | |
|---|---|
| ANTONIO CABALLERO, <br>               Plaintiff, <br>     v. <br> FUERZAS ARMADAS <br> REVOLUCIONARIAS DE COLOMBIA, et al. <br>               Defendants, <br>     v. <br> INTERACTIVE BROKERS LLC, <br>               Turnover Garnishee. | Civ. No. 3:20-cv-1939 (RNC) <br><br> March 17, 2021 |

**ALBA PETROLEOS DE EL SALVADOR S.E.M. DE C.V.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 24(a)(2), ALBA Petroleos de El Salvador S.E.M. de C.V. ("ALBA Petroleos"), files this memorandum of law in support of its Motion to Intervene in the above-referenced case. ALBA Petroleos is entitled to due process and requests that the Court stay and set aside the Court's January 14, 2021, Order, Docket Entry No. 53, granting the Plaintiff's sealed motion for turnover order ("Turnover Order"). [1]

**INTRODUCTION**

Plaintiff Antonio Caballero ("Plaintiff") obtained default judgments in Florida state court in 2014 and Florida federal court in 2020 against the named Defendants in the underlying lawsuit.

---

[1] In seeking limited intervention, ALBA Petroleos does not waive and specifically reserves all jurisdictional defenses. *See, e.g., Pescatore v. Palmera Pineda*, No. 08-2245 (RMC), 2019 WL 2173835, at *3-4 (D.D.C. May 20, 2019) (allowing alleged agents or instrumentalities of the FARC to intervene in the TRIA enforcement action to defend against execution while specifically preserving their right to raise defenses of jurisdiction and venue).

**ORAL ARGUMENT REQUESTED**

ALBA Petroleos was not named as a defendant in either action and is not alleged to have any connection to the underlying facts giving rise to the judgments against Defendants. Nevertheless, Plaintiff now seeks to collect on his federal court judgment against ALBA Petroleos' blocked U.S. assets.

Plaintiff's attorneys have known since 2019 that Marcos Jimenez, Esq., undersigned lead counsel, represents Petroleos de Venezuela, S.A. ("PDVSA")[2] (which is the entity that indirectly controls more than 50% of the ownership interest in ALBA Petroleos) in connection with Plaintiff's collection efforts, yet Plaintiff never made any attempt to provide notice to undersigned counsel of Plaintiff's enforcement actions. Instead, Plaintiff has hidden behind the Terrorism Risk Insurance Act of 2002 ("TRIA") while he has filed *ex parte* motions and writs of garnishment around the country attempting to seize blocked assets that Plaintiff purports to be owned by PDVSA and PDVSA's subsidiaries. Plaintiff has done this without providing PDVSA notice and an opportunity to defend against Plaintiff's false and unproven allegations that PDVSA and PDVSA's subsidiaries are "agencies or instrumentalities" of the Fuerzas Armadas Revolucionarias de Colombia ("FARC"), one of the defendants and judgment debtors.

ALBA Petroleos moves to intervene in this matter for the purpose of moving to stay and set aside the Court's Turnover Order. ALBA Petroleos seeks to intervene, first for the limited purpose of asserting any and all jurisdictional defenses to Plaintiff's claims, and second, if necessary, to defend against Plaintiff's claims on the merits.

---

[2] Neither PDVSA nor any of its subsidiaries, including ALBA Petroleos, were named as defendants in either the underlying Florida state or federal actions, nor are any of them alleged to have any connection to the underlying facts giving rise to the judgments against Defendants.

**BACKGROUND**

1. **Plaintiff's underlying Florida state and federal court actions against Defendants.**

Plaintiff initially brought a state court action against the FARC, the Ejercito de Liberacion Nacional ("ELN"), and the Norte del Valle Cartel ("NDVC") in Miami-Dade County, Florida. *See Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, Case No. 12-04803-CA-01 (Fla. 11th Cir. Miami-Dade Cty.). Plaintiff purported to effectuate service of process on the defendants through individuals imprisoned in the United States. On December 12, 2013, after none of the defendants appeared, the Florida state court issued a default against all the defendants. On November 18, 2014, after a trial on damages during which none of the defendants appeared or presented opposition, Plaintiff obtained a default judgment against the defendants, in the sum of (i) $45,000,000.00, representing non-economic compensatory damages, with interest at 4.75% a year; (ii) $6,244,484.56, representing compensatory economic damages and pre-judgment interest thereon, with interest at 4.75% a year; and (iii) $140,189,001.00, representing punitive damages, with interest at 4.75% a year.

During the state court damages trial in 2014, Plaintiff relied on an expert, a University of Miami professor, Dr. Bruce Michael Bagley, to identify names of the individuals and entities allegedly acting as agents or instrumentalities of the FARC and/or the NDVC. Notably, PDVSA and PDVSA's subsidiaries were not on the list of so-called agents and instrumentalities of the FARC and/or NDVC.[3] For years, Plaintiff utilized writs of garnishment to execute on his judgment against these alleged agents or instrumentalities.

---

[3] In June 2020, Dr. Bagley pled guilty to two counts of federal money laundering charges. Dr. Bagley used bank accounts in his name and in the name of a company he created in Florida to launder over $2 million in proceeds of a Venezuelan bribery and corruption scheme into the United States.

3

On December 19, 2018, Plaintiff filed another action, this time in the United States District Court for the Southern District of Florida against the FARC and the NDVC (collectively "Defendants"), under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333. *Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, Case No. 18-cv-25337-Moore (S.D. Fla.). Plaintiff again purported to effectuate service of process on Defendants through individuals imprisoned in the United States. After Defendants failed to appear, on May 20, 2020, the federal district court entered a final default judgment and awarded Plaintiff $45,000,000 in actual compensatory non-economic damages; $1,729,667 in actual compensatory economic damages; and post-judgment interest at 0.15% per annum.

Shortly after receiving the federal court judgment, in July 2020, Plaintiff filed a post-judgment *ex parte* motion in the Southern District of Florida action for a determination that certain individuals are agents or instrumentalities of the FARC. Plaintiff's motion did not seek a determination against PDVSA, ALBA Petroleos, or any other of PDVSA's subsidiaries. Since Plaintiff's previous expert from the state court action, Dr. Bagley, had by then pled guilty to federal money laundering charges, Plaintiff relied on a new expert, John Robert McBrien, former associate director for global targeting in the Office of Foreign Assets Control ("OFAC") within the United States Department of Treasury. Mr. McBrien's declaration identifying names of the individuals and entities allegedly acting as agents or instrumentalities of the FARC did not include PDVSA or PDVSA's subsidiaries. The court granted the plaintiff's post-judgment *ex parte* motion.

**2. Plaintiff's collection efforts against purported blocked assets of PDVSA.**

In April 2019, after five years of collection efforts to execute Plaintiff's 2014 Florida state court judgment against alleged agents or instrumentalities of the FARC, Plaintiff suddenly and for the first time moved the Florida state court to declare PDVSA "an agency and

4

instrumentality of FARC." Plaintiff's motion relied *exclusively* on a new declaration from his expert at the 2014 damages trial, Dr. Bagley. In this new 2019 declaration, unlike in 2014, Dr. Bagley claimed that PDVSA is an agent or instrumentality of the FARC.

Plaintiff never served PDVSA with its Florida state court motion, but PDVSA became aware of Plaintiff's filing, reached out to Plaintiff's counsel, and on June 27, 2019, filed a motion to intervene in the Florida state court action. Plaintiff thereafter discontinued his pursuit of collection efforts against PDVSA in the Florida state court action, and PDVSA's motion to intervene was not heard. After that, Plaintiff's expert Dr. Bagley was indicted and pled guilty to money laundering and undersigned counsel never heard from Plaintiff's counsel again regarding Plaintiff' efforts to have PDVSA declared an agency or instrumentality of the FARC.

Unbeknownst to PDVSA and its undersigned lead counsel, however, Plaintiff continued his *ex parte* efforts. Without any notice to PDVSA or undersigned lead counsel, Plaintiff filed his May 2020 federal court judgment in state and federal courts around the country. PDVSA only recently became aware that Plaintiff has filed numerous *ex parte* motions seeking determinations that PDVSA and its subsidiaries are agencies or instrumentalities of the FARC: the same relief that Plaintiff abandoned in the Florida state court in 2019. Plaintiff's counsel is well aware that PDVSA had counsel representing PDVSA's interests with respect to Plaintiff's collection efforts, yet Plaintiff has utilized TRIA's *ex parte* procedures to hide Plaintiff's efforts from PDVSA.

In addition to the proceeding in this Court, PDVSA and its subsidiaries recently became aware of similar proceedings in South Carolina and New York, and PDVSA is taking appropriate steps in these courts to protect its interests. PDVSA filed a motion to intervene in the United States District Court for the Western District of New York on February 2, 2021. *See* **Exhibit 1**, attached hereto,

PDVSA's motion to intervene, *Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, Case No. 1:20-mc-00040-LJV, Feb. 2, 2021 (W.D.N.Y.), D.E. No. 37.  Judge Vilardo of the Western District of New York granted PDVSA's motion to intervene, stayed the turnover judgment the court had previously entered, and set a briefing schedule for PDVSA to present its defenses. *See* **Exhibit 2**, attached hereto, February 2, 2021, Text Order Granting PDVSA's motion to intervene, (W.D.N.Y.), D.E. No. 39; **Exhibit 3**, attached hereto, February 5, 2021, Text Order regarding briefing schedule (W.D.N.Y.), D.E. No. 44.  Similarly, PDVSA filed a motion to intervene in the United States District Court for the District of South Carolina, which is pending.  *See* **Exhibit 4**, attached hereto, PDVSA's February 5, 2021, motion to intervene, *Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, Case No. 3:20-cv-4485-MGL, Feb. 5, 2021 (D.S.C.), D.E. No. 11.

### 3. **Plaintiff's collection efforts in this Court, the District of Connecticut.**

In October 2020, Plaintiff registered his Florida federal court judgment in this Court and subsequently filed a series of documents *ex parte* and under seal. *See, e.g.,* D.E. Nos. 1, 28, 31, 34, 37, 40.  While the Court on February 18, 2021, entered an Order granting Plaintiff's motion to unseal documents, D.E. No. 84, many of these documents are not currently viewable on the electronic docket, D.E. Nos. 28, 31, 34, 37.  On December 23, 2020, the Court issued a sealed Temporary Restraining Order freezing ALBA Petroleos's purported accounts with Interactive Brokers. *See* D.E. No. 43.  Plaintiff purported to send ALBA Petroleos notice of the Court's sealed TRO on December 24, 2020, by sending a copy to an address in El Salvador, and by sending a copy to email addresses where Plaintiff was notified that the emails failed to deliver.  *See* D.E. No. 45. Yet, Plaintiff failed to provide notice to undersigned lead counsel despite knowing that he represented PDVSA. Notwithstanding Plaintiff's efforts to seize

6

ALBA Petroleos's purported assets without notice, undersigned lead counsel was recently made aware of Plaintiff's activities due to Plaintiff's activities in other courts.

On January 14, 2021, this Court granted Plaintiff's *ex parte* sealed motion for Interactive Brokers to turnover to Plaintiff funds in accounts at Interactive Brokers purportedly held in the name of ALBA Petroleos. *See* Turnover Order, D.E. No. 53. The Turnover Order includes a finding that "ALBA Petroleos is an agent or instrumentality of FARC . . . because plaintiff has shown that FARC uses ALBA Petroleos to launder money." *Id.* at 4. The Court further found that PDVSA has more than a 50% ownership interest in ALBA Petroleos. *See id.* at 5. The Court's Order did not cite to Plaintiff's purported evidence to support this finding. *Id.* Plaintiff subsequently claimed to serve ALBA Petroleos with a copy of the Turnover Order at an address in El Salvador but failed to provide notice to undersigned lead counsel. *See* D.E. No. 55.

Upon PDVSA's February 2, 2021, motion to intervene filed in the action pending in the Western District of New York, Plaintiff raced to this courthouse in the District of Connecticut to seek an immediate turnover of assets so that PDVSA could not be afforded a similar opportunity to intervene in this Court. On February 3 and 4, 2021, Plaintiff filed motions to dispense with a turnover hearing and requested that this Court order an immediate release of ALBA Petroleos's alleged assets. *See* D.E. Nos. 62, 63. But due process requires that ALBA Petroleos be "entitled to be heard on [its] challenge to the agency or instrumentality issue." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 727 (11th Cir. 2014) (holding that due process entitled alleged agents or instrumentalities under TRIA "to actual notice of the postjudgment proceedings against them. . . [and] to be heard on their challenge to the agency or instrumentality issue").

Accordingly, ALBA Petroleos moves to intervene in this matter for the purpose of moving to stay and set aside the Court's Turnover Order. ALBA Petroleos seeks to intervene, first for the limited purpose of asserting any and all jurisdictional defenses to Plaintiff's claims, and second, if necessary, to defend against Plaintiff's claims on the merits.

## ARGUMENT

### 1. Legal standard for intervention.

Federal Rule of Civil Procedure 24(a)(2) provides that, upon the timely filing of a motion, a court must permit anyone to intervene who:

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

In order to intervene as a matter of right under Rule 24(a)(2), the moving party must: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003).

### 2. ALBA Petroleos meets the requirements to intervene pursuant to Rule 24.

ALBA Petroleos satisfies all of Rule 24(a)(2)'s requirements and should be permitted to intervene.[4]

---

[4] Alternatively, the Court can also allow ALBA Petroleos to intervene pursuant to Rule 24(b). A court considers substantially the same factors whether the claim for intervention is "of right" under Rule 24(a)(2), or "permissive" under Rule 24(b)(2). *See In re Bank of N. Y.*, 320 F.3d at 300 n. 5; *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).

      a. <u>ALBA Petroleos's motion is timely</u>.

ALBA Petroleos's motion to intervene is timely. In determining whether a movant's intervention is timely, a court must consider:

> (a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to the existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances mitigating for or against a finding of timeliness.

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).

Neither PDVSA nor ALBA Petroleos were named as a defendant in either the Florida state or federal actions and are not alleged to have any connection to the underlying facts giving rise to the judgments against Defendants. PDVSA and ALBA Petroleos were also not named as parties in Plaintiff's instant action in this Court where Plaintiff has nonetheless sought to execute on ALBA Petroleos's purported assets. Plaintiff conducted his efforts on an *ex parte* basis with filings under seal. This Court entered a sealed order on January 14, 2021, granting Plaintiff's *ex parte* sealed motion for Interactive Brokers to turnover to Plaintiff funds in accounts at Interactive Brokers purportedly held in the name of ALBA Petroleos. *See* Turnover Order, D.E. No. 53. While Plaintiff claimed to send ALBA Petroleos notice of the Court's order by sending a copy to an address in El Salvador, Plaintiff did not provide notice to undersigned counsel despite having known since 2019 that undersigned lead counsel represents PDVSA's interest in Plaintiff's collection efforts.

Moreover, Plaintiff will not be prejudiced if ALBA Petroleos's motion to intervene is granted. The assets that Plaintiff seeks are currently blocked by OFAC, and therefore there is no risk that the assets will be dissipated while ALBA Petroleos is permitted to intervene.

Plaintiff cannot argue that it will be prejudiced by intervention because intervention does not affect the underlying default judgment against the FARC defendant.

In contrast, ALBA Petroleos will be severely prejudiced if it is not permitted to intervene in this action. This Court entered an *ex parte* order that ALBA Petroleos is an agency or instrumentality of the FARC and that PDVSA has more than a 50% ownership interest in ALBA Petroleos. *See* D.E. No. 53. Plaintiff now seeks turnover from a third party for what Plaintiff alleges to be ALBA Petroleos's assets. Intervention will first provide ALBA Petroleos an opportunity to be heard on its jurisdictional objections and, if necessary, to rebut Plaintiff's assertions that ALBA Petroleos is an agency or instrumentality of the FARC.

> b. ALBA Petroleos's motion must be granted to protect ALBA Petroleos's interest and to satisfy due process requirements.

There can be no dispute that ALBA Petroleos has an interest in this action that may be impaired if it are not permitted to intervene. Intervention requires "direct, substantial, and legally protectable" interest in the litigation. *Pers. v. New York State Bd of Elections*, 467 F.3d 141, 144 (2d Cir. 2006) (citing *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001)). Plaintiff seeks to deprive ALBA Petroleos of what Plaintiff alleges to be ALBA Petroleos's assets based on allegations that ALBA Petroleos is an agency or instrumentality of the FARC. *See* D.E. No. 53

ALBA Petroleos is first entitled to assert all jurisdictional defenses to Plaintiff's TRIA enforcement action against ALBA Petroleos and ALBA Petroleos's purported assets. *See, e.g., Pescatore*, 2019 WL 2173835, at *3-4. If necessary, ALBA Petroleos also seeks to challenge the merits of Plaintiff's claims and this Court's determination that ALBA Petroleos is an agency or instrumentality of the FARC. To recover a TRIA judgment, a plaintiff must show "(1) that the Defendants are a 'terrorist party' or an 'agency or instrumentality of that terrorist party,' and (2) that

the Defendants' properties are 'blocked assets.'" *Kirschenbaum v. 650 Fifth Ave.*, 830 F.3d 107, 131 (2d Cir. 2016), *abrogated on other grounds by Rubin v. Islamic Republic of Iran*, 138 S. Ct. 816 (2018).

The question of "agency or instrumentality" is particularly complex and requires a detailed analysis. "To demonstrate that [judgment debtors] are 'agencies or instrumentalities' of a terrorist party under the TRIA … Plaintiffs must show that each Defendant (1) was a means through which a material function of the terrorist party is accomplished, (2) provided material services to, on behalf of, or in support of the terrorist party, or (3) was owned, controlled, or directed by a terrorist party." *Id*. at 135. Furthermore, in *Kirschenbaum*, the Second Circuit left open the question of whether a TRIA judgment creditor must "show that the [party subject to execution] knew, or reasonably should have known, that they were functioning for, providing material services on behalf of, or being owned, controlled, or directed by the terrorist party." *Id.* at 136.

Due process requires that ALBA Petroleos be provided an opportunity to challenge the Court's Turnover Order finding that ALBA Petroleos is an agency or instrumentality of FARC. *See Stansell*, 771 F.3d at 727. Without such notice, plaintiff's motion for writ of execution must be denied. *See Doe v. Ejercito de Liberacion Nacional*, 92 F. Supp. 3d 1, 2 (D.P.R. 2015) ("Because Plaintiff has failed to notify [the judgment debtor] of these proceedings, I must deny Plaintiff's garnishment motion."). "Without notice and a fair hearing where both sides are permitted to present evidence, the third party never has an opportunity to dispute its classification as an agency or instrumentality." *Stansell*, 771 F.3d at 727. Judge Vilardo in the U.S. District Court for the Western District of New York acknowledged these very due process concerns and found that, pursuant to *Stansell*, PDVSA is "entitled to notice and an opportunity to be heard to rebut the allegations that it is an agency or instrumentality of FARC." *See Caballero v. Fuerzas Armadas*

11

*Revolucionarias de Colombia, et al.*, Case No. 1:20-mc-00040-LJV, Dec. 18, 2020 (W.D.N.Y.), D.E. No. 15 at 5 n.3.

Here, this Court's January 14, 2021, Turnover Order found that "ALBA Petroleos is an agent or instrumentality of FARC . . . because plaintiff has shown that FARC uses ALBA Petroleos to launder money." *See* D.E. No. 53 at 4. The Court's Turnover Order did not cite to Plaintiff's purported evidence to support its finding. *Id.* Plaintiff's motion for turnover order and supporting documents are not viewable on the electronic docket for ALBA Petroleos to be able to evaluate Plaintiff's claims. *See, e.g.,* D.E. Nos. 28, 31, 34, 37.

Furthermore, the consequences of the Court's January 14, 2021, Turnover Order are far-reaching. Plaintiff will undoubtedly use the Court's Order to support Plaintiff's attempts to collect against assets of PDVSA and PDVSA's subsidiaries in other jurisdictions as well. Accordingly, this motion is a critical first step in allowing ALBA Petroleos to fully pursue its due process rights and to seek any and all post-judgment and appellate relief that may be available.

      c.  <u>ALBA Petroleos's interests are not adequately protected by parties to the action</u>.

No current party to the action can adequately protect ALBA Petroleos's interests. The burden to demonstrate inadequacy of representation is minimal. *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179–80 (2d Cir. 2001) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S. Ct. 630, 30 L.Ed.2d 686 (1972)). In this circuit, "[w]hether or not representation of an intervenor's interest by existing parties is to be considered inadequate hinges upon whether there has been a showing of (1) collusion; (2) adversity of interest; (3) possible nonfeasance; or (4) incompetence." *F.T.C. v. First Capital Consumer Membership Servs., Inc.*, 206 F.R.D. 358, 364 (W.D.N.Y. 2001) (internal citation omitted).

Here, the named parties to Plaintiff's enforcement action certainly have an adversity of interest to that of ALBA Petroleos. Plaintiff seeks to collect on its judgment against purported ALBA Petroleos's blocked assets, and he obtained an order from this Court that ALBA Petroleos is an agency or instrumentality of the FARC. Furthermore, while the holder of the assets at issue here, Interactive Brokers, may raise its own objections to the Court's Turnover Order (and indeed has raised such objections), Interactive Brokers has no standing or interest in challenging Plaintiff's enforcement action to protect ALBA Petroleos's interests, including to dispute the Court's jurisdiction and substantive finding that ALBA Petroleos is an agency or instrumentality of the FARC. ALBA Petroleos must be provided its own opportunity to challenge Plaintiff's action.

## CONCLUSION

ALBA Petroleos respectfully requests that the Court grant its limited motion to intervene and permit ALBA Petroleos to intervene as a Defendant to raise jurisdictional and all other defenses to Plaintiff's TRIA enforcement action, and for any and all relief that the Court deems just and proper. ALBA Petroleos is entitled to due process and requests that this Court stay and set aside the Court's January 14, 2021, Order, Docket Entry No. 53, granting the Plaintiff's sealed motion for turnover order.

Respectfully submitted,

By: *s/Marcos Daniel Jiménez*
Marcos Daniel Jiménez
New York Bar No. 4881736
*Pro hac vice motion pending*
Marcos D. Jiménez, P.A.
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone:   305.772.6026
Email:  mdj@mdjlegal.com

- and -

//s// James T. Cowdery (ct05103)
James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
Cowdery & Murphy, LLC
280 Trumbull Street
Hartford, CT 06103
(860) 278-5555 Office
jcowdery@cowderymurphy.com
tmurphy@cowderymurphy.com

## CERTIFICATE OF SERVICE

 I hereby certify that on March 17, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                  //s// James T. Cowdery (ct05103)
                  James T. Cowdery