**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| |
|---|
| ANTONIO CABALLERO,<br>          Plaintiff,<br><br>          v.<br><br>FUERZAS ARMADAS<br>REVOLUCIONARIAS DE COLOMBIA et al.<br><br>          Defendants,<br><br>          v.<br><br>INTERACTIVE BROKERS LLC,<br><br>          Turnover Garnishee. |
| INTERACTIVE BROKERS LLC,<br><br>   Counter-Claimant and Third-Party Claimant,<br><br>          v.<br><br>ANTONIO CABALLERO,<br><br>          Counterclaim Respondent,<br><br>KEITH STANSELL et al.<br><br>          Third-Party Respondents. |

Civil Action No. 3:20-cv-1939 (JAM)

March 19, 2021

**ORAL ARGUMENT REQUESTED**

**INTERACTIVE BROKERS LLC'S**
**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS**

Interactive Brokers LLC ("Interactive Brokers") submits this memorandum of law in

opposition to the Motion to Dismiss Third-Party Complaint and Counterclaims as Superfluous

filed by Plaintiff Antonio Caballero ("Caballero") on February 26, 2021 (ECF No. 85) (the

"Motion," with the accompanying brief (ECF No. 85-1) (the "Brief") cited as "Br.").  The Court

should deny the Motion for the reasons set forth herein.

## I.   **PRELIMINARY STATEMENT**

Caballero dedicates the majority of his Brief to arguing the *merits* of the competing claims to an account (the "Account") held by Interactive Brokers in the name of ALBA Petroleos de El Salvador S.E.M. de C.V. ("ALBA Petroleos") -- the very claims that prompted Interactive Brokers to file the Counterclaims and Third-Party Complaint (ECF No. 64, "Third-Party Complaint," cited as "Compl. ¶ _") that Caballero seeks to dismiss as "superfluous."  Such merits-based arguments are premature and improper at this preliminary stage.

Interpleader procedures exist to ensure that a neutral stakeholder like Interactive Brokers[1] is not subject to multiple and inconsistent liability with respect to disputed property.  As set forth herein, Interactive Brokers properly availed itself of those procedures in order to join all interested parties in a single proceeding to adjudicate the competing claims to the Account.  The Court should reject Caballero's attempt to circumvent those procedures in favor of a summary adjudication on the merits before all parties have even appeared in this action.

Now that all interested parties are in the process of being joined to this action, the procedural posture calls for an orderly presentation of the competing claims to the Account.  The Third-Party Complaint provides the appropriate framework for the adjudication of those claims.  Caballero's proposed short-circuiting of the procedures required under Conn. Gen. Stat. § 52-356c and interpleader rules should be rejected and the Motion denied.

---

[1]     Contrary to Caballero's assertion that Interactive Brokers has sought to "appease" other stakeholders and "feign[ed] that it is a 'neutral stakeholder'" (*see* Br. at 10-11), Interactive Brokers has never taken a position among the competing claims.  Throughout all filings in these proceedings, Interactive Brokers has dispassionately and matter-of-factly stated the parties' respective claims and positions.  Interactive Brokers' interest in this matter is to ensure that all persons known to have a claim to the Account have an opportunity to be heard, to ensure that there is a single proceeding to adjudicate the disputed claims, and to avoid duplicative or conflicting court rulings with respect to interested persons' rights to the Account.  (Compl. ¶ 3.)

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.  Nature of the Proceedings

The Account has been blocked pursuant to regulations of the Office of Foreign Assets Control ("OFAC") and is the subject of competing claims asserted by several judgment creditors. Specifically, three sets of judgment creditors, one of which is Caballero, have obtained judgments in United States courts against the Revolutionary Armed Forces of Colombia (also known as Fuerzas Armadas Revolucionarias De Colombia, or "FARC") and others in connection with acts of terrorism.  These judgment creditors assert that ALBA Petroleos is an agent or instrumentality of FARC and that the blocked assets of ALBA Petroleos, including the assets held in the Account, are subject to attachment and execution under Section 201(a)(d)(4) of the Terrorism Risk Insurance Act of 2002 ("TRIA") to satisfy their judgments against FARC. ALBA Petroleos recently appeared in this action and filed a motion to intervene seeking to challenge Caballero's allegations that it is an agent or instrumentality of FARC.  (ECF Nos. 86-90.)

### B.  The Judgment Creditors' Efforts to Enforce Their Judgments With Respect to the Account

Caballero commenced this action to enforce a judgment against FARC in the amount of $46,729,667.  (Compl. ¶ 6 (citing ECF No. 1).)

A second set of judgment creditors, referred to herein as the "Pescatore Claimants," commenced an action styled *Olivia Pescatore et al. v. Juvenal Ovidio Ricardo Palmera Pineda et al.*, No. 1:18-mc-00545, in the United States District Court for the Southern District of New York (electronic filings cited herein as "*Pescatore*, ECF No. __") to enforce a judgment against FARC in the amount of $69,000,000.  (Compl. ¶ 7 (citing *Pescatore*, ECF No. 1).)

A third set of judgment creditors, referred to herein as the "Stansell Claimants," commenced an action styled *Stansell et al. v. FARC et al.*, 1:16-mc-00405, in the United States District Court for the Southern District of New York (electronic filings cited herein as "*Stansell*, ECF No. __") to enforce a judgment against FARC in the amount of $318,030,000.  (Compl. ¶ 8 (citing *Stansell*, ECF No. 1).)  Caballero, the Pescatore Claimants, and the Stansell Claimants are referred to herein as the "Judgment Creditors."  The Judgment Creditors are seeking to enforce their respective judgments against FARC in several courts by pursuing turnover of assets of several entities under TRIA.  Their pursuit of the Account is just one on those efforts.

### 1.  Caballero

On November 6, 2020, Caballero filed a sealed application for an *ex parte* turnover order in this Court.  (Compl. ¶ 17 (citing ECF No. 28).)  On December 23, 2020, the Court issued a sealed Temporary Restraining Order Freezing Account Pending Hearing on Application for Turnover Order (the "TRO") with respect to the Account.  (*Id.* ¶ 18 (citing ECF No. 43).)  Caballero's efforts to effect service of the TRO and related papers on Interactive Brokers are more fully described in recent filings.  (*See* ECF No. 65 at 4-5.)

On January 14, 2021, the Court issued a turnover order based on the papers filed by Caballero (the "Turnover Order").  (Compl. ¶ 22 (citing ECF No. 53).)  As set forth in the Turnover Order, the Court concluded, based on Caballero's *ex parte* submissions, that ALBA Petroleos is an agent or instrumentality of FARC and that the blocked assets of ALBA Petroleos, *i.e.* the Account, were subject to attachment and execution by Caballero under TRIA.  The Court further concluded that Conn. Gen. Stat. § 52-356b and, alternatively, § 52-552h(b), authorized the Court to issue the requested turnover order.  (*Id.* ¶ 23 (citing ECF No. 53).)

## 2. __The Pescatore and Stansell Claimants__

In parallel with Caballero's efforts in this Court, the Pescatore and Stansell Claimants sought relief in New York.  On December 15, 2020, the United States District Court for the Southern District of New York (the "New York Federal Court") granted sealed *ex parte* motions for writs of execution filed by the Pescatore Claimants and the Stansell Claimants, respectively. (Compl. ¶ 25 (citing *Pescatore*, ECF No. 40; *Stansell*, ECF No. 114).)  On or around December 16, 2020, the SDNY Orders and Judgments Clerk issued the writs of execution, and they were delivered to a specially appointed process server.  (*Id.* ¶ 26 (citing *Pescatore*, ECF No. 63 at 19; *Stansell*, ECF No. 137 at 19).)

On December 29, 2020, Interactive Brokers accepted service by e-mail of the writs of execution issued by the New York Federal Court relating to the Pescatore and Stansell judgment actions.  The executions relating to both the Pescatore and Stansell judgment actions reference the Account as property that is subject to execution. (Compl. ¶ 27.)

On January 15, 2021, the Pescatore Claimants and the Stansell Claimants filed motions for TRIA turnover in the Pescatore and Stansell judgment actions, respectively (the "New York Turnover Motions"), seeking a turnover order against Interactive Brokers to require the turnover of the Account to them.  (*Id.* ¶ 28 (citing *Pescatore*, ECF No. 62; *Stansell*, ECF No. 136).)  As described below, on January 27, 2021, the Honorable Andrew L. Carter, Jr. entered orders terminating the New York Turnover Motions because this Court has, and already has exercised, jurisdiction over the Account.[2]  (*Id.* ¶ 39.)

---

[2]    The Stansell and Pescatore actions have been reassigned to the Honorable Lorna G. Schofield.

**C.   The Judgment Creditors' Disputes Concerning Priority to the Account**

The Judgment Creditors dispute who has priority to the Account.  (Compl. ¶ 30.)

Caballero has asserted that he has priority to the Account because, according to Caballero, the

Account is located in Connecticut and he is the only claimant with a judgment in Connecticut,

the New York writs of executions obtained by the Pescatore Claimants and the Stansell

Claimants have no effect in Connecticut over an account located in Connecticut, and Caballero

served the TRO prior to the Pescatore Claimants' and Stansell Claimants' service of their writs

of executions.  (*Id.* ¶ 31 (citing *Stansell*, ECF Nos. 134 & 140).)

On the other hand, the Stansell Claimants and Pescatore Claimants assert that they have

priority to the Account, arguing that they have an execution lien against the Account as of

December 16, 2020, when they claim they delivered the writ of execution to the process server.

(*Id.* ¶ 33 (citing *Pescatore*, ECF No. 63 at 19; *Stansell*, ECF No. 137 at 19).)

**D.   Interactive Brokers' Notice and Claim for Determination under Conn. Gen.
Stat. § 52-356c**

On January 25, 2021, Interactive Brokers filed a Notice and Claim for Determination of

Disputed Property pursuant to Conn. Gen. Stat. § 52-356c (the "Claim for Determination").

(Compl. ¶ 34 (citing ECF No. 59).)  In accordance with that statutory authority, Interactive

Brokers requested that the Court enter a briefing and scheduling order, conduct a hearing

pursuant to Conn. Gen. Stat. § 52-356c following notice to interested parties, and render

judgment determining the respective claimed interests in the Account.  (*Id.* ¶ 35 (citing ECF No.

59).)

By letter dated January 25, 2021, Caballero's counsel advised Judge Carter that

Interactive Brokers had filed the Claim for Determination.  (Compl. ¶ 38 (citing *Pescatore*, ECF

No. 77; *Stansell*, ECF No. 156).)  On January 27, 2021, Judge Carter ordered the New York

Turnover Motions terminated pending the Claim for Determination filed in this Court.  In his

orders terminating the turnover motions, Judge Carter stated:  "Because the District of

Connecticut has, and has exercised, jurisdiction over these assets, and Interactive Brokers LLC

has requested the Court to conduct 'a single proceeding to adjudicate the disputed claims,' . . .

and in the interest of judicial economy and to avoid duplicative and/or conflicting orders, this

Court declines to rule on the turnover motion related to those assets."  (*Id.* ¶ 39 (citing *Pescatore*,

ECF No. 82; *Stansell*, ECF No. 162).)

### E.  Interactive Brokers' Counterclaims and Third-Party Complaint

In response to the Claim for Determination, counsel for the Pescatore Claimants and

Stansell Claimants advised counsel for Interactive Brokers that:  (i) their clients are not residents

of Connecticut and, therefore, are not subject to jurisdiction in Connecticut and; (ii) the

Connecticut state law procedure for determining adverse claims (*i.e.*, the Claim for

Determination under Conn. Gen. Stat. § 52-356c) cannot force a non-resident competing creditor

(*i.e.*, the Pescatore Claimants and Stansell Claimants) to appear in this action.  (Compl. ¶ 41.)

Interactive Brokers determined that it would aid the resolution of this action to formally

join these claimants as parties in order to dispense with their arguments over whether notice of

the Claim for Determination required their appearance.  Accordingly, on February 5, 2021,

Interactive Brokers filed the Third-Party Complaint to formally join the Pescatore Claimants,

Stansell Claimants and ALBA Petroleos as parties in this action and to request a determination

from the Court under Conn. Gen. Stat. § 52-356c, and/or interpleader procedures under state and

federal law, as to the rights, if any, the parties have with respect to the Account.  (ECF No. 64.);

Fed. R. Civ. P. 22; 28 U.S.C. §§ 1335, 2361; Conn. Gen. Stat. § 52-484.  As more fully set forth

herein, Interactive Brokers properly availed itself of these procedures in order to ensure that all

parties purporting to have an interest in the Account are properly joined in a single action to adjudicate the competing interests to the Account and to prevent multiple and inconsistent liability with respect to the Account.

On February 16, 2021, Interactive Brokers filed executed waivers of service for each of the Pescatore Claimants and Stansell Claimants.  (ECF Nos. 67-82.)  The answer date for the Third-Party Complaint is April 10, 2021.  (*Id.*)

### F.  Caballero's Motions to Dispense with Turnover Hearing and Compel Immediate Turnover of the Account

On February 3, 2021 and February 4, 2021, Caballero filed motions seeking to dispense with the turnover hearing requested in the Claim for Determination and to compel immediate turnover of the Account to Caballero.  (ECF Nos. 62 & 63.)  In those motions, Caballero argued that a hearing was unnecessary because ALBA Petroleos had not timely contested the Court's determination that ALBA Petroleos is an agent or instrumentality of FARC (ECF Nos. 43 & 53; ECF No. 62-1 at 2-3) and that the Pescatore Claimants and Stansell Claimants had failed or otherwise refused to file a claim with this Court with respect to the Account despite receiving notice of the Claim for Determination, thereby forfeiting any claim to the Account.  (ECF No. 63-1 at 6, 9.)

On February 12, 2021, Interactive Brokers filed its opposition to Caballero's motions to dispense with the hearing requested in the Claim for Determination, arguing that Caballero -- like with the instant Motion -- improperly seeks to sidestep necessary federal and state procedures for the adjudication of the competing claims to the Account.  (ECF No. 65.) Caballero filed his reply brief the same day.  (ECF No. 66.)

### G.  Caballero's Motion to Dismiss the Third-Party Complaint

On February 26, 2021, Caballero filed the Motion that is the subject of this Opposition

seeking to dismiss the Third-Party Complaint for failure to state a claim pursuant to Fed. R. Civ. P. Rule 12(b)(6).  (ECF No. 85.)

Caballero makes three principal arguments in support of his Motion.  *First*, Caballero argues that interpleader is unnecessary because "there are no adverse claimants in this action." (Br. at 3.)  In that regard, Caballero asserts that the Stansell Claimants, Pescatore Claimants, and ALBA Petroleos are "not true interested parties in the blocked Account" because they have chosen not to appear to assert whatever claim they have to the Account, even if they were to appear, their claims would be time-barred, and even if not time-barred, their potential claims to the Account fail on the merits (*i.e.*, their writs were issued outside of Connecticut *after* Caballero served  the TRO on Interactive Brokers).  (Br. at 6-7, 9.)  *Second*, Caballero argues that the Third-Party Complaint is procedurally improper and untimely because neither Fed. R. Civ. P. Rule 22 nor Rule 14 authorizes Interactive Brokers to bring a third-party complaint in order to join additional parties for the purpose of interpleader.  (Br. at 14-18.)  *Third*, Caballero argues that interpleader is superfluous because Interactive Brokers has already joined the Stansell Claimants and Pescatore Claimants in the Claim for Determination pursuant to Conn. Gen. Stat. § 52-356c.  (Br. at 10-13.)  Each of these arguments lacks merit.

## III.   ARGUMENT

### A.  Caballero's Motion Is Improper And Premature

As a preliminary matter, the Motion should be denied because it is improper and premature.  Interpleader litigation is designed to proceed in two stages.  The first stage examines whether interpleader is appropriate, including the question of whether the stakeholder has "a real and reasonable fear of double liability or vexatious, conflicting claims."  *Wash. Elec. Co-op., Inc. v. Paterson, Walke & Pratt PC*, 985 F.2d 677, 679 (2d Cir. 1993) (quoting *Indianapolis*

*Colts v. Mayor or Balt.*, 741 F.2d 954, 957 (7th Cir. 1984)).  The second stage adjudicates the adverse claims on the merits.  *E.g.*, *Weininger v. Castro*, 462 F. Supp. 2d 457, 500 (S.D.N.Y. 2006) ("Interpleader litigation usually proceeds in two stages, the first determining whether interpleader is appropriate relief, and the second adjudicating the adverse claims.").  Accordingly, "a determination of the respective merits of the adverse claims is inappropriate at the initial stage [of interpleader]."  7 Federal Practice & Procedure (Wright & Miller) § 1704 (3d ed.) (cited herein as "Wright & Miller § __.").

Caballero's motion to dismiss for failure to state a claim -- while framed as an attack on the sufficiency or propriety of the Third-Party Complaint -- is a thinly veiled attempt to circumvent settled procedures for adjudicating competing claims to disputed property in favor of a summary adjudication *on the merits* before all parties have even appeared in this action. Indeed, Caballero dedicates the majority of his Brief to contesting the *merits* of each party's purported claims to the Account.  The Brief is devoid of any claim that Interactive Brokers has failed to satisfy the liberal pleading standard under Fed. R. Civ. P. Rule 12(b), or under Conn. Practice Book § 23-43, which governs interpleader pleadings under Conn. Gen. Stat. § 52–484. Conn. Practice Book § 23-43 ("The complaint in an interpleader action shall allege only such facts as show that there are adverse claims to the fund or property.").

At this initial stage, the Court should not consider the merits of the Judgment Creditors' competing claims to the Account -- especially because all interested parties have not yet appeared in the action (the answer date for the Stansell Claimants and Pescatore Claimants is April 10, 2021).  (ECF Nos. 67-82.)  Rather, the Court should determine whether Interactive Brokers alleges facts sufficient to show that there are competing claims to the Account and that Interactive Brokers faces the risk of multiple liability with respect to the Account.  Interactive

10

Brokers readily makes that showing.  *See* Compl. ¶ 39 (citing *Stansell*, ECF No. 162 (order terminating turnover motions by the Stansell Claimants and Pescatore Claimants relating to the Account in order "to avoid duplicative and/or conflicting orders" concerning the Account)). Accordingly, the Court should deny the Motion as improper and premature.  *See, e.g.*, *Gates v. Syrian Arab Republic*, No. 11-cv-8715, 2013 WL 1337223, at *10 (N.D. Ill. Mar. 29, 2013) (denying judgment creditor's motion to dismiss interpleader complaint brought by garnishee bank in response to TRIA turnover motion on the grounds that merits arguments were premature) , *aff'd*, 755 F.3d 568 (7th Cir. 2014); *Trikona Advisers Ltd. v. Haida Invs. Ltd.*, 318 Conn. 476, 491-93 (2015) (holding that stakeholder's complaint alleged facts sufficient to establish competing claims to property for an interpleader action under Conn. Gen. Stat. § 52-484 and refusing to "consider the merits of the claims alleged in the inter-pleader complaint to determine their viability," noting it "was not the role of the trial court, nor is it the function of this court on appeal, to consider the merits of the purportedly competing claims at this preliminary stage of the present interpleader action").

### B.  Interpleader Is Necessary Because There Are Competing Claims To The Account And Interactive Brokers Faces the Risk of Multiple or Inconsistent Liability With Respect to the Account

Interpleader is necessary in this action because the Judgment Creditors have made competing claims to the Account across multiple jurisdictions, thereby exposing Interactive Brokers to the risk of multiple and inconsistent liability with respect to the Account.  *See supra* at 3-6.  Interpleader procedures were designed to address precisely this situation.

Interpleader is "rooted in equity" and is designed to "protect a stakeholder from multiple liability and the vexation of defending multiple claims to the same fund."  *Wash. Elec. Co-op., Inc.*, 985 F.2d at 679.  Interpleader procedures allow stakeholders who face multiple claims to

11

the same fund -- as Interactive Brokers does here -- to join all adverse claimants in a single

proceeding.  Wright & Miller § 1702.  In so doing, interpleader

> prevents the stakeholder from being obliged to determine at his peril which
> claimant has the better claim, and when the stakeholder has no interest in the fund,
> forces the claimants to contest what essentially is a controversy between them
> without embroiling the stakeholder in the litigation over the merits of the
> respective claims.

*Weininger*, 462 F. Supp. 2d at 500 (quoting Wright & Miller § 1702).  Like with other liberal

joinder provisions under the federal rules (*i.e.*, Fed. R. Civ. P. 20), "interpleader also benefits the

judicial system by condensing numerous potential individual actions into a single comprehensive

unit with a resulting savings in court time and energy."  Wright & Miller § 1702.

      Under the foregoing settled principles, this action presents the paradigmatic case for

interpleader.  As pleaded in the Third-Party Complaint, the Account is subject to competing

claims by three sets of judgment creditors who seek TRIA turnover of the Account to satisfy

their respective judgments against FARC in connection with acts of terrorism.  (Compl. ¶¶ 2, 6-

8, 14-16.)  The Judgment Creditors dispute who has priority to the Account. (*Id.* ¶¶ 30-33.)  And

the Account owner, ALBA Petroleos, recently appeared in this action to challenge the Court's

substantive finding that ALBA Petroleos is an agent or instrumentality of FARC, thus seeking to

contest the Judgment Creditors' claims that the Account is subject to execution under TRIA in

the first instance.  (ECF Nos. 86-90.)  Thus, contrary to Caballero's assertions, Interactive

Brokers' concerns of multiple and inconsistent liability are real and well-founded, not "baseless"

simply because -- in his view -- "only Caballero has properly attached the subject assets . . . first

in time over extra-territorial writs."  (*See* Br. at 8.)

      In numerous similar cases involving the execution of judgments under TRIA, courts have

permitted garnishee banks to use interpleader to resolve competing claims to blocked funds.

*E.g.*, *Hausler v. JPMorgan Chase Bank, N.A.*, 845 F. Supp. 2d 553, 559, 561 n.4 (S.D.N.Y. 2012) (permitting garnishee banks to use interpleader "to inoculate themselves against potential liability that might arise should entities not already before the Court claim interest in the Blocked Funds"), *rev'd and remanded on other grounds*, 770 F.3d 207 (2d Cir. 2014); *Levin v. Bank of N.Y.*, 09-cv-5900, 2011 WL 812032, at *2-3 (S.D.N.Y. Mar. 4, 2011) (noting entry of an order authorizing third-party interpleader complaints by garnishee banks in TRIA turnover action); *Weininger*, 462 F. Supp. 2d. at 501 (finding that garnishee bank "faces a reasonable fear of double liability or conflicting claims, and that relief by way of interpleader is warranted"); *see also Stansell*, ECF No. 194 (order directing garnishee banks to file third-party complaints in interpleader).  The Court should similarly permit interpleader here because Interactive Brokers faces a reasonable fear of multiple liability with respect to the Account.

## C.  Interactive Brokers Properly Invoked Interpleader Procedures

As an equitable and remedial joinder device, interpleader statutes are to be liberally construed.  *E.g.*, *State Farm Fire & Cas. Co. v. Tashire,* 386 U.S. 523, 533 (1967); 44B Am. Jur.2d *Interpleader* § 3 ("Every reasonable doubt should be resolved in favor of a putative stakeholder's right to interplead.").  "It is the express purpose of interpleader actions to avoid duplicative litigation by resolving all possible questions of liability between all possible parties in one proceeding.  As such, interpleader actions are especially designed to advance the interests of wise judicial administration and should be furthered whenever possible."  *Zellen v. Second New Haven Bank*, 454 F. Supp. 1359, 1365 (D. Conn. 1978).

Here, Interactive Brokers properly invoked interpleader procedures under federal and state law, in addition to Conn Gen. Stat. §52-356c, to formally join the Pescatore Claimants, Stansell Claimants, and ALBA Petroleos in this action.  Fed. R. Civ. P. 22(a) ("Persons with

claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. . . .  A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim."); 28 U.S.C. § 2361 ("In any civil action of interpleader . . . [the] district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."); Conn. Gen. Stat. § 52-484 ("Whenever any person has, or is alleged to have, any money or other property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader, to any court which by law has equitable jurisdiction of the parties and amount in controversy, making all persons parties who claim to be entitled to or interested in such money or other property.  Such court shall hear and determine all questions which may arise in the case . . .").

### 1.  <u>The Third-Party Complaint Is Procedurally Proper</u>

Caballero's argument that Third-Party Complaint should be dismissed with prejudice as procedurally improper (*See* Br. at 14-18) contorts the language of the rules governing interpleader and, if accepted, would elevate form over substance and nullify the protections afforded to neutral stakeholders under those rules.[3]  This argument fails for at least two reasons.

---

[3]      For instance, Caballero painstakingly dissects Rule 22's language and argues that, "[a]t best, Rule 22 authorized Interactive Brokers to bring a 'crossclaim' and/or 'counterclaim,'" not a 'third-party complaint.'"  (Br. at 14.)  Caballero improperly elevates form over substance.  *See Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 633 n.39 (5th Cir. 2002) ("Although the Supreme Court has indicated that defensive interpleader under Rule 22 must be framed as either a cross-claim or counter-claim, its emphasis on the form of pleadings was meant to reiterate that rule interpleader is only proper when there is 'some nexus with a party already in the case.'" (quoting *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 n.2 (1972)).)  Here, the requisite "nexus" between Interactive Brokers and Caballero is patent.

*First*, the Third-Party Complaint is procedurally proper under governing interpleader rules and statutes.

> Interpleader, whether statutory or under Federal Rule of Civil Procedure 22 and *whether asserted in a complaint or by way of a crossclaim or counterclaim*, affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.

Wright & Miller § 1704 (emphasis added) (footnote omitted).  "[U]nder Rule 22, interpleader is proper if the party requesting it 'is or may be exposed to double or multiple liability.'" *Weininger*, 462 F. Supp. 2d. at 500 (quoting Fed. R. Civ. P. 22(a)(1)).  Interactive Brokers is a party that "is or may be exposed to double or multiple liability.'"  *Id.* (holding that garnishee bank was entitled to interpleader relief where it faced reasonable fear of double liability based on competing claims to funds sought under TRIA to satisfy judgments against a terrorist party); *supra* at 3-6.

Moreover, the section entitled "Interpleader by Counterclaim, Crossclaim, or *Third-party Claim*" in Wright and Miller's seminal treatise makes clear that a third-party complaint is a proper procedural device to initiate an interpleader action like this one.  The treatise explains:

> The remedy of interpleader is not limited to an original action by a plaintiff stakeholder. Federal Rule of Civil Procedure 22(a)(2) makes it clear that any defendant exposed to a threat of multiple liability may obtain interpleader by way of crossclaim or counterclaim.  In addition, there are early cases . . . indicating that third parties may be impleaded by the counterclaiming defendant, although as a technical matter a claim of this type is not really properly brought under Federal Rule of Civil Procedure 14(a).  When appropriate, the court will treat the interpleader in all of these circumstances as supplemental to the original action for jurisdictional purposes.  . . .

> [I]t is clear that statutory interpleader also may be asserted by counterclaim. . . .

> **Moreover, interpleader by counterclaim, crossclaim, *or third-party claim* is entirely in harmony with the purposes and objectives of Federal Rules of Civil Procedure 13 and 14.**

15

> **The right of a defendant to interplead claimants by counterclaim, crossclaim, *or third-party claim* is limited to circumstances in which defendant would be exposed to multiple liability upon the same obligation.**

Wright & Miller § 1708 (emphasis added) (footnotes omitted).

Consistent with the foregoing, Interactive Brokers is entitled to avail itself of the remedy of interpleader by counterclaim, crossclaim, or third-party claim.  In fact, the third-party claim mechanism was necessary to join the Pescatore Claimants and Stansell Claimants in this action because they previously were not parties against whom either counterclaims or cross-claims can be asserted.  Interactive Brokers' reliance on third-party claim practice worked as designed by interpleader rules -- the Pescatore Claimants and Stansell Claimants are now joined as parties in this action, have waived service of process, and have until April 10, 2021, to appear and answer the Third-Party Complaint.  Tellingly, Caballero does not propose any alternative procedure that Interactive Brokers could have used to join the Pescatore Claimants and Stansell Claimants.

To the extent that Caballero relies on Judge Carter's order in the Stansell judgment action to strike a different garnishee's third-party complaint as procedurally improper (Br. at 14 (citing *Stansell*, ECF No. 160)), that reliance is misplaced.  Judge Carter's order is inapposite[4] and, in any event, has been superseded.  On March 16, 2021, Judge Schofield (now presiding over the consolidated *Stansell* and *Pescatore* judgment actions, *see supra* note 2), ordered that the garnishees in those actions "shall seek interpleader relief ***by filing third party complaints in the***

---

[4]      *See Stansell*, ECF No. 160 (striking garnishee's third-party complaint and directing garnishee to bring interpleader through crossclaims or counterclaims in its answer to the plaintiff's post-judgment application for writ).  In that case, unlike here, the garnishee had answered the writ obtained by the Stansell Claimants.  Judge Carter thus directed the garnishee to amend its answer to assert interpleader by way of crossclaim or counterclaim.  The procedural posture here does not warrant such a re-pleading.

*nature of interpleader*, pursuant to Federal Rules of Civil Procedure 14 and 22." *Stansell*, ECF No. 194 (emphasis added). That order expressly supersedes Judge Carter's prior order striking the garnishee's third-party complaint in interpleader as improper. *Id.* (striking *Stansell*, ECF No. 160). As Judge Schofield's order makes clear, Interactive Brokers' use of a third-party complaint in the nature of interpleader pursuant to Rules 14 and 22 is appropriate.[5] Accordingly, Caballero's contentions that interpleader rules do not authorize Interactive Brokers to formally join all competing claimants in this action should be rejected.

*Second*, even assuming *arguendo* that the Third-Party Complaint is mislabeled -- and it is not -- such mislabeling is not a reason to dismiss the complaint. It is well-settled that courts should construe pleadings liberally according to their substance rather than their label. *E.g.*, *Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 633 (5th Cir. 2002) (construing action as one in interpleader "regardless of the misleading case caption" because "the substantive posture of the parties mirrored the substance of an action in interpleader"); *Geler v. Nat'l Westminster Bank USA*, 763 F. Supp. 722, 727 (S.D.N.Y. 1991) (construing bank's statutory interpleader action as stating a claim of interpleader under the Federal Rules when jurisdiction was proper under the rule but not the statute); *Old Colony Ins. Co. v. Lampert*, 129 F. Supp. 545, 550-51 (D.N.J. 1955) (holding that mislabeling of a claim in interpleader as a counterclaim was not fatal), *aff'd per*

---

[5]     Caballero's contention that the Third-Party Complaint is procedurally improper under Rule 14 similarly lacks merit. Caballero argues that Interactive Brokers does not meet the requirements to bring an *impleader* action under Rule 14 -- *i.e.*, an action that is traditionally used to shift liability to a third party. (*See* Br. at 15-17.) But Caballero himself correctly acknowledges that "the purpose of Interactive Brokers' Third-Party Complaint is to adjudicate the interests of the alleged adverse claimants – not to shift liability from Interactive Brokers to the Stansell or Pescatore judgment creditors or anyone else." (*Id.* at 17.) In any event, third-party practice in interpleader under both Rules 22 and 14 is appropriate. *See* Wright & Miller, § 1708 (discussing use of Rule 14 for purposes of interpleader); *see also Stansell*, ECF No. 194 (ordering garnishees to seek interpleader relief by filing third party complaints pursuant to Rules 14 and 22).

*curium*, 227 F.2d 520 (3d Cir. 1955); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Wright & Miller § 1715 ("The usual rules of good pleading are applicable in an interpleader action, as are the principles calling for the liberal construction of the pleadings and treating mislabeled pleadings according to their substance." (footnote omitted)).

Although Caballero contends that his arguments "go beyond mere mislabeling of a pleading or similar technical error" (Br. at 17-18), the reality is that his requested relief -- dismissal with prejudice -- would improperly elevate form over substance contrary to settled principals.  Accordingly, his arguments should be rejected and the Motion denied.

## 2.   The Third-Party Complaint Is Timely

Caballero does not cite any authority to support his proposition that the interpleader action is untimely.  Curiously, Caballero argues that "the time for statutory and/or Rule 22 interpleader has passed" because Caballero already has a turnover order with respect to the Account.  (Br. at 11.)  Yet, with respect to the Claim for Determination -- which similarly seeks a single adjudication concerning the competing claims to the Account -- Caballero states that Interactive Brokers is "fortunate to at this late stage in the proceedings still have [the Claim for Determination] at its disposal."  (Br. at 2; *see* Br. at 11 ("Interactive Brokers' only recourse is Conn. Gen. Stat. § 52-356c.").)  Caballero's passing reference to courts "frown[ing] upon proceedings initiated after final turnover judgment when they cause prejudice to the existing party" (Br. at 4 n.2) does not support dismissal of the Third-Party Complaint as untimely.

## D.   Interpleader Is Not Superfluous on Account of the Claim for Determination of Interests Pursuant to Conn. Gen. Stat. § 52-356c

The Third-Party Complaint should not be dismissed as "superfluous" simply because there is a pending Claim for Determination.  To be sure, the Claim for Determination and the interpleader action initiated by the Third-Party Complaint are designed to adjudicate the same

18

issue, namely, competing adverse claims to disputed property (*i.e.*, the Account).  But just because Interactive Brokers availed itself of the procedures provided under Conn. Gen. Stat. § 52-356c does not mean that it cannot -- and need not -- simultaneously avail itself of state and federal interpleader rules.  Indeed, Caballero cites no authority supporting that baseless assertion.

In fact, the procedures governing the Claim for Determination are uncertain with respect to joinder of third-parties like the Stansell Claimants, Pescatore Claimants, and ALBA Petroleos. The statute refers to *notice* to adverse claimants of *a hearing*, not joinder of those adverse claimants as *parties*.  Conn. Gen. Stat. § 52-356c(c) (providing that the court "order that notice of the hearing be served by the claimant on all persons known to claim an interest in the disputed property").[6]  Interactive Brokers availed itself of interpleader procedures precisely because of the uncertainty surrounding whether a Claim for Determination is, in fact, sufficient to formally join all adverse claimants in a single action and discharge Interactive Brokers of liability with respect to the competing claims to the Account.  Even if the Claim for Determination *does* effectively join all competing claimants as parties as Caballero suggests (*see* Br. at 12 ("The Stansell and Pescatore judgment creditors received actual notice of the proceeding and are, therefore, parties to the proceeding pursuant to Conn. Gen. Stat. § 52-356c.")), Caballero cites no authority to suggest that an interpleader action asserting an additional claim for relief under Conn. Gen. Stat. § 52-356c is somehow improper.

Finally, Caballero's contention that the Claim for Determination is the "only legitimate

---

[6]        Caballero himself acknowledges that Conn. Gen. Stat. § 52-356c is silent regarding joinder of parties, stating that "Interactive Brokers can and has joined the Stansell and Pescatore judgment creditors pursuant to Connecticut law (i.e., Conn. Gen. Stat. 52-356(c)) *and FRCP 20*." (Br. at 11 (emphasis added).)  Caballero explains:  "Although FRCP 20 is not explicitly referenced in the Third-Party Complaint . . . . FRCP 20 was clearly utilized to join the Stansell and Pescatore judgment creditors in conjunction with Conn. Gen. Stat. § 52-356c . . . ." (*Id.*)

proceeding" rings hollow when he simultaneously contends that "no further hearing" under the

Claim for Determination is necessary "because the alleged adverse claimants . . . have failed to

appear." (Br. at 13-14.)  Caballero cannot have it both ways.  Caballero's simultaneous

disavowal of *both* the interpleader action *and* the hearing mandated under the Claim for

Determination risks exposing Interactive Brokers to double liability with respect to the Account.

The Court therefore should reject Caballero's improper attempt to deprive Interactive Brokers of

the protections afforded by the liberal interpleader procedures and to deprive the competing

claimants of an opportunity to have their claims to the Account heard.[7]

## IV.   **CONCLUSION**

For the foregoing reasons, Interactive Brokers respectfully requests that the Court deny

the Motion.

INTERACTIVE BROKERS LLC

/s/ *Erick M. Sandler*
Erick M. Sandler (ct25029)
Sara J. van Vliet (ct30690)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT  06103
Telephone: (860) 275-0100
Fax: (860) 967-0793
emsandler@daypitney.com
svanvliet@daypitney.com

---

[7]     At the end of his brief, Caballero asserts that "Interactive Brokers fails to set forth a single counterclaim in its pleading."  (Br. at 18.)  This argument fundamentally misunderstands interpleader procedures.  As is clear from the caption, the "counterclaims" refer to the two claims for relief (*i.e.*, a determination of the rights of all interested parties with respect to the Account pursuant to Conn. Gen. Stat. § 52-356c and interpleader procedures, namely, Fed. R. Civ. P. Rule 22, 28 U.S.C. §§ 1335 and 2361, and Conn. Gen. Stat. § 52-484) vis-à-vis Caballero, as the Plaintiff in the underlying judgment action.  *See Bank of New York v. Rubin*, No. 05 CIV.4926(DLC), 2006 WL 633315, at *1 (S.D.N.Y. Mar. 15, 2006) (construing judgment creditor's "counterclaim" as a statement to the res in dispute and not as an independent claim against the stakeholder), *aff'd in part, vacated in part on other grounds*, 484 F.3d 149 (2d Cir. 2007).

Thomas D. Goldberg (ct04386)
DAY PITNEY LLP
One Stamford Plaza
263 Tresser Boulevard
Stamford, CT 06901
Telephone: (203) 977-7300
Fax: (203) 977-7301
tgoldberg@daypitney.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 19th day of March, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF system.

Notice also has been sent by e-mail to the following counsel:

Nathanial A. Tarnor, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
322 8th Avenue, Suite 802
New York, New York 10001
Telephone: (212) 752-5455
Fax: (917) 210-3980
nathant@hbsslaw.com

Newt Porter, Esq.
Tony Korvick, Esq.
PORTER & KORVICK, P.A.
9655 South Dixie Highway, Suite 208
Miami, Florida 33156
Telephone: (305) 373-5040
Fax: (305) 668-9154
nporter@porterandkorvick.com
tkorvick@porterandkorick.com

*Attorneys for the Pescatore Claimants*

*Attorneys for the Stansell Claimants*

/s/ *Erick M. Sandler*