## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNNECTICUT

_____

ANTONIO CABALLERO,
           Plaintiff,                                   Civ. No. 3:20-cv-1939 (JAM)

v.

FUERZAS ARMADAS
REVOLUCIONARIAS DE COLOMBIA, et al.
           Defendants,

v.

INTERACTIVE BROKERS LLC,                       April 21, 2021
           Turnover Garnishee.

_____

### ALBA PETROLEOS DE EL SALVADOR S.E.M. DE C.V.'S REPLY TO PLAINTIFF'S OPPOSITION TO LIMITED MOTION TO INTERVENE

ALBA Petroleos de El Salvador S.E.M. de C.V. ("ALBA Petroleos"), files this reply to Plaintiff's opposition to ALBA Petroleos' limited motion to intervene and memorandum of law in support, Doc. # 104. ALBA Petroleos requests that the Court grant its motion to intervene, Doc. # 90. ALBA Petroleos is entitled to due process and requests that the Court stay and set aside the Court's January 14, 2021, Order, Doc. # 53, granting sealed motion for turnover order.

### INTRODUCTION

On October 16, 2020, Plaintiff commenced this action under the Terrorism Risk Insurance Act of 2002 ("TRIA") on an *ex parte* basis in an attempt to execute on a Southern District of Florida default judgment ("SDFL Case") against the Fuerzas Armadas Revolucionarias de Colombia ("FARC"). Plaintiff brought this *ex parte* action without providing notice to undersigned lead counsel, despite having known since 2019 that counsel represents Petroleos de Venezuela, S.A. ("PDVSA"), which is the entity that indirectly controls more than 50% of the ownership interest in ALBA

Petroleos. ALBA Petroleos seeks to intervene in Plaintiff's TRIA enforcement action for the limited purpose of protecting its assets.

Plaintiff's argument that PDVSA "abandoned" its challenge to Plaintiff's agency or instrumentality allegations, Doc. # 104 at 2, is disingenuous. It was Plaintiff—not PDVSA—that abandoned his pursuit of an agency or instrumentality determination in Plaintiff´s original action against the FARC in Florida state court ("Florida Action"). After undersigned lead counsel appeared for PDVSA in the Florida Action, Plaintiff abandoned his motion in that case for an agency or instrumentality determination against PDVSA. Instead, Plaintiff commenced *ex parte* actions in other courts around the country, without providing notice to counsel for PDVSA.

Plaintiff incorrectly claims that ALBA Petroleos is not entitled to challenge this Court's jurisdiction in this TRIA enforcement proceeding. *See* Doc. # 104 at 8-11. This Court lacks jurisdiction over ALBA Petroleos and any of its assets because Plaintiff has failed to serve ALBA Petroleos with process as required by the Foreign Sovereign Immunities Act ("FSIA"). In addition, the SDFL Case judgment is void and invalid for lack of personal jurisdiction over the FARC.

As a matter of due process, ALBA Petroleos is entitled to the opportunity to present defenses to Plaintiff's unsubstantiated allegations that ALBA Petroleos is an agency or instrumentality of the FARC. Plaintiff has not shown and cannot show that ALBA Petroleos is an agency or instrumentality of the FARC, particularly during the relevant time period, which is when Plaintiff filed this TRIA action against ALBA Petroleos' purported assets (October 2020). Critically, the U.S. sanctions against PDVSA and its affiliates have nothing to do with either the FARC, terrorism, or any other aspect of Plaintiff's agency or instrumentality allegations. Plaintiff merely relies on a conclusory and insufficient declaration from a purported OFAC expert whose opinion is based on speculation,

hearsay, and outdated sources. Accordingly, ALBA Petroleos requests that the Court grant its motion to intervene in order to allow it to defend against Plaintiff's TRIA action.

## ARGUMENT

### 1. ALBA Petroleos does not waive jurisdictional challenges to Plaintiff's TRIA enforcement action.

Plaintiff argues that ALBA Petroleos is not entitled to raise any jurisdictional defenses to Plaintiff's TRIA enforcement action. *See* Doc. # 104 at 8-11. The purported assets of ALBA Petroleos are entitled to immunity under the FSIA unless an exception applies. *See* 28 U.S.C. § 1609. Plaintiff seeks to invoke TRIA as an exception to the FSIA in this post-judgment execution proceeding involving blocked assets purportedly owned by ALBA Petroleos.

Plaintiff, however, has not properly served ALBA Petroleos with process, as required by the FSIA. Service must be made in accordance with Section 1608(b) because ALBA Petroleos is an "agency or instrumentality" of Venezuela. Fed. R. Civ. P. 4(j)(1) ("A foreign state or its political subdivision, agency or instrumentality must be served in accordance with 28 U.S.C. § 1608."); *see also Seramur v. Saudi Arabian Airlines*, 934 F. Supp. 48, 51–52 (E.D.N.Y. 1996) ("Because Section 1608(b) provides the exclusive means by which service of process may be effected upon Respondent, Petitioner's argument that New York's service of process provisions apply to service upon an agency or instrumentality of a foreign state must be, and hereby are, rejected.").

Plaintiff incorrectly claims that he provided proper notice to ALBA Petroleos of this Court's December 23, 2020, Temporary Restraining Order, Doc. # 43 ("TRO"). *See* Doc. # 104 at 2-3. Plaintiff, however, has not shown that his mailing of the TRO to an address in El Salvador satisfied all of the requirements of Section 1608(b) of the FSIA: (1) that it was dispatched by the clerk; (2) that it required a signed receipt, *and* (3) that it contained a translation of garnishment notices in Spanish. *See Seramur*, 934 F. Supp. at 53 (dismissing collection action brought against corporation wholly

3

owned by Saudi Arabia because plaintiff did not comply with service provisions under Section 1608(b) of FSIA). Thus, the Court lacks jurisdiction over ALBA Petroleos or its purported assets.

In addition, ALBA Petroleos is entitled to contest in this Court the validity of the SDFL Case default judgment against the FARC. *See, e.g., "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008); *Jerez v. Republic of Cuba*, 775 F.3d 419, 422-25 (D.C. Cir. 2014); *Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 135 (2d Cir. 2019), *cert denied sub nom. Fuller v. Banco Bilbao Vizcaya Argentaria, S.A.*, 141 S. Ct. 364 (2020). The SDFL court lacked personal jurisdiction over the FARC; therefore, ALBA Petroleos may collaterally attack the SDFL Case default judgment as invalid for lack of personal jurisdiction over the FARC.

ALBA Petroleos is entitled to intervene so that the Court can make jurisdictional determinations. While Plaintiff attempts to distinguish *Pescatore v. Palmera Pineda*, *see* Doc. # 104 at 10-11, that case is instructive, as the procedural posture there is essentially the same. No. 08-2245 (RMC), 2019 WL 2173835, at *3-4 (D.D.C. May 20, 2019). The *Pescatore* plaintiffs obtained a default judgment against the FARC in the U.S. District Court for the District of Columbia. 2019 WL 2173835 at *1. Pursuant to TRIA, the plaintiffs then sought to enforce that judgment against alleged "agents or instrumentalities" of the FARC without giving notice to the alleged agents. *Id.* Nonetheless, the alleged agents became aware of the proceedings and sought to intervene in the action, specifically preserving their right to raise defenses of jurisdiction and venue. *Id.* at *1-2.

Just as Plaintiff Caballero argues here, Doc. # 104 at 8-11, the plaintiffs in *Pescatore* "complain[ed] that Intervenors refuse to subject themselves fully to the jurisdiction of this Court, and that their motion should be rejected in this basis alone." 2019 WL 2173835 at *3. The District Court for the District of Columbia rejected the plaintiffs' argument and held that "[u]ltimately, the Court

4

will decide its jurisdiction; Plaintiff's objection is insufficient to cause the Court to reject the motion to intervene." *Id.* This Court should do the same.

Furthermore, Plaintiff mistakenly argues that Second Circuit case law supports his waiver argument. *See* Doc. # 104 at 9-10. The case Plaintiff cites, *The Trans World Airlines, Inc. v. C. A. B.*, 339 F.2d 56 (2d Cir. 1964), is about venue rather than personal or subject matter jurisdiction. 339 F.2d at 63–64. There, the Second Circuit held that the intervenor waived the defense of improper venue because the intervenor sought permission to intervene "without simultaneously or soon thereafter raising a motion directed to venue." *Id.* at 64 ("Toolco had to seek the permission of this court to intervene. By doing so without simultaneously or soon thereafter raising a motion directed to venue, Toolco waived any defense of improper venue it may have possessed as an intervenor."). Here, ALBA Petroleos' motion to intervene specifically preserved its jurisdictional defenses. The *Trans World Airlines* case is inapposite.

In addition, as the Ninth Circuit held in *SEC v. Ross*, "[i]ntervention of right simply puts the intervenor into the position he would have been in had the plaintiff (or another party) properly named him to begin with." 504 F.3d 1130, 1149–50 (9th Cir. 2007) ("We do not see why an intervenor should be considered to have automatically consented to the jurisdiction of the court. . . . [T]he quid pro quo for his intervention is that he consents to have the district court determine all issues in the case, including issues of jurisdiction, venue and service of process.") (citing *Ins. Corp. of Ireland*, 456 U.S. at 706, 102 S. Ct. 2099 (1982)). While Plaintiff cites cases in other jurisdictions where courts have found intervenors to submit to the jurisdiction of the Court, *see* Doc. # 104 at 9-10, those cases— unlike *Pescatore*—did not involve TRIA enforcement actions. ALBA Petroleos is entitled to assert all jurisdictional defenses to Plaintiff's TRIA enforcement action and, if necessary, to present evidence and otherwise challenge the allegation that ALBA Petroleos is an agency or

instrumentality of the FARC. *See, e.g., Stansell*, 771 F.3d at 727; *Pescatore*, 2019 WL 2173835, at *3-4.

### 2. ALBA Petroleos' motion to intervene is timely.

Plaintiff incorrectly argues that ALBA Petroleos' motion to intervene is untimely. *See* Doc. # 104 at 12-13. Contrary to Plaintiff's claims, PDVSA did not abandon its challenge in the Florida Action. In April 2019, Plaintiff filed a motion in the Florida Action to declare PDVSA an agency and instrumentality of FARC. *Id.* at 4-5. Plaintiff never served PDVSA with its Florida state court motion; but PDVSA became aware of Plaintiff's filing, reached out to Plaintiff's counsel, and filed a motion to intervene in the Florida Action in June 2019. *Id.* At the time, there was no permanent judge assigned to the division the case was in, and after counsel conferred, the parties agreed to delay a hearing until a judge was assigned to the division. *Id.* Subsequently, in November 2019, Plaintiff's original expert witness, Dr. Bruce Bagley, was indicted and arrested for money laundering, and Plaintiff never thereafter pursued its motion in the Florida Action for an agency or instrumentality determination.

Plaintiff then obtained a default judgment in the SDFL Case. In July 2020, Plaintiff filed a post-judgment *ex parte* motion in the SDFL Case for a determination that certain individuals are agents or instrumentalities of the FARC. *Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, Case No. 18-cv-25337-Moore (S.D. Fla.). But Plaintiff's motion *did not* seek a determination against PDVSA, ALBA Petroleos, or any PDVSA affiliate. *Id.* Plaintiff to this day has not pursued an agency or instrumentality determination against PDVSA or its affiliates in the Florida cases where he obtained default judgments against the FARC, in either the SDFL Case or the original Florida Action. Instead, Plaintiff has gone outside of these Florida actions, on an *ex parte* basis, to seek this determination. *See, e.g., Caballero v. Fuerzas Armadas Revolucionarias de Colombia,*

6

*et al.*, Case No. 1:20-mc-00040-LJV (W.D.N.Y.); *Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, Case No. 3:20-cv-4485-MGL (D.S.C.). Plaintiff should not be heard to argue that ALBA Petroleos has not acted on a timely basis or abandoned any position.

ALBA Petroleos learned of Plaintiff's attempt to seize its assets in this case only after a third party advised undersigned lead counsel of Plaintiff's collection efforts outside Florida. Plaintiff articulates no basis that it is in any way prejudiced by ALBA Petroleos' motion to intervene. The assets that Plaintiff seeks are currently blocked by OFAC, and there is no risk that the assets will be moved while ALBA Petroleos is permitted to intervene. Indeed, on February 5, 2021, the holder of the assets at issue, Interactive Brokers, LLC, filed a third-party complaint and counterclaim asking the Court to determine the rights of any interested parties in the assets. *See* Doc. # 64. Interactive Brokers' third-party complaint and counterclaim is still pending and must be resolved. Thus, ALBA Petroleos' motion to intervene, brought for the purpose of protecting its assets, will not delay these proceedings. *See, e.g., Pescatore,* 2019 WL 2173835 at *3 ("Intervenors filed their motion to intervene within a mere 1-2 months of receiving notice that their rights were implicated by this case. Any related delays will not prejudice Plaintiffs in this case. The Courts finds Intervenors' motion timely.").

Plaintiff also disingenuously claims that ALBA Petroleos seeks to avoid the Court's jurisdiction due to OFAC sanctions against PDVSA. *See* Doc. # 104 at 9. Plaintiff articulates no basis for this assertion. *Id.* ALBA Petroleos simply seeks to protect its assets from wrongful attachment. In addition, the OFAC sanctions against PDVSA have nothing to do with Plaintiff's allegations that PDVSA and its affiliates are agencies or instrumentalities of the FARC. Neither the State Department nor OFAC have designated PDVSA or its affiliates as terrorists or sponsors of terrorism. *See* Executive Order No. 13850 (Nov. 1, 2018); Treasury

Press Release dated Jan. 28, 2019, available at: https://home.treasury.gov/news/press-releases/sm594. Plaintiff further ignores TRIA case law and the OFAC regulations themselves, which allow ALBA Petroleos to defend itself against Plaintiff's actions. *See Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 727 (11th Cir. 2014); 31 CFR § 591.506.

### 3. ALBA Petroleos is entitled to due process.

Plaintiff complains that ALBA Petroleos fails to sufficiently set forth its defenses to Plaintiff's TRIA enforcement action and fails to rebut the *ex parte* agency and instrumentality determination— without ALBA Petroleos ever having the opportunity to present argument or evidence. *See* Doc. # 104 at 13-16. A party seeking to intervene to protect its assets does not have to prove its case in order to be permitted to intervene. Importantly, due process requires that ALBA Petroleos have notice and an opportunity to be heard to rebut Plaintiff's allegations. *Stansell*, 771 F.3d at 727.

Plaintiff's reliance on an order from the Southern District of Florida, *Stansell v. FARC, et al.*, No. 19-cv-20896 (S.D. Fla. Aug. 21, 2019), at Doc. ## 248, 279, in fact supports ALBA Petroleos' intervention here. *See* Doc. # 104 at 14-16. Notably, the order Plaintiff cites was not on a motion to intervene, but was instead a ruling on the merits of a motion to dissolve a writ of garnishment and motion for summary judgment. *See Stansell*, No. 19-cv-20896, at Doc. ## 248, 279. In that case, the court considered the agency or instrumentality question on the merits and allowed both sides to present argument and evidence on the issue. *Id.* This is precisely what ALBA Petroleos seeks here.

ALBA Petroleos has never been provided the opportunity to present any defense to Plaintiff's agency or instrumentality allegations and seeks to intervene in this action in order to do just that. Plaintiff obtained an agency or instrumentality determination from this Court on an *ex parte* basis.

Due process requires that ALBA Petroleos be provided an opportunity to present its defenses to Plaintiff's *ex parte* allegations. *Stansell*, 771 F.3d at 727.

The Court should further reject Plaintiff's argument that ALBA Petroleos' motion to intervene should be denied because ALBA Petroleos did not attach a pleading to its motion. *See* Doc. # 104 at 13-14. ALBA Petroleos seeks to intervene in this action to be provided the opportunity to present its legal defenses and any necessary evidence. However, before ALBA Petroleos can fully respond to Plaintiff's claims, it must be provided access to all relevant pleadings and documents. Plaintiff has filed numerous documents in this action *ex parte* and under seal, and many of these documents are still not currently viewable on the electronic docket, Doc. ## 28, 31, 34, 37. ALBA Petroleos requests that the Court provide it with all relevant documents and then set forth a briefing schedule for ALBA Petroleos to respond to Plaintiff's allegations.

In another TRIA enforcement action Plaintiff has brought against PDVSA and PDVSA affiliates in the Western District of New York, Judge Vilardo granted PDVSA's motion to intervene, stayed the turnover judgment the court had previously entered, and set a briefing schedule for PDVSA to present its defenses. *Caballero v. FARC, et al.*, Case No. 1:20-mc-00040-LJV, Feb. 2, 2021 (W.D.N.Y.), D.E. Nos. 39, 44.[1] In that case, PDVSA has since submitted a substantive brief challenging Plaintiff's TRIA enforcement action, which includes the submission of substantial evidence refuting Plaintiff's baseless allegations. *See id.* at Doc. # 60-1, attached hereto as **Exhibit 1**. PDVSA's evidence demonstrates that Plaintiff has not shown, and cannot show, that PDVSA or its affiliates are agencies or instrumentalities of the FARC, particularly during the relevant time period

---

[1] In a TRIA action Plaintiff Caballero has brought in the Northern District of California against another alleged agency or instrumentality of the FARC, the court granted a motion to intervene, rejecting Caballero's argument that failure to attach a pleading required denial of the motion to intervene. *See Caballero v. FARC, et al.*, Case No. 20-mc-80146-JST (N.D. Cal.), Doc. # 33.

of October 2020, which is when Plaintiff filed this TRIA action. The only evidence Plaintiff presents is a conclusory and insufficient declaration from a purported OFAC expert who relies on speculation, hearsay, and outdated sources. ALBA Petroleos is entitled to its due process rights to challenge Plaintiff's *ex parte* allegations that ALBA Petroleos is an agency or instrumentality of the FARC.

## CONCLUSION

ALBA Petroleos respectfully requests that the Court grant its limited motion to intervene and permit ALBA Petroleos to intervene as a Defendant to raise jurisdictional and all other defenses to Plaintiff's TRIA enforcement action, and for any and all relief that the Court deems just and proper. ALBA Petroleos is entitled to due process and requests that this Court stay and set aside the Court's January 14, 2021, Order, Doc. # 53, granting sealed motion for turnover order.

Respectfully submitted,

By: *s/Marcos Daniel Jiménez*
Marcos Daniel Jiménez
New York Bar No. 4881736
*Admitted Pro hac vice*
Marcos D. Jiménez, P.A.
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone:   305.772.6026
Email:  mdj@mdjlegal.com

- and -

//s// James T. Cowdery (ct05103)
James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
Cowdery & Murphy, LLC
280 Trumbull Street
Hartford, CT 06103
(860) 278-5555 Office
jcowdery@cowderymurphy.com
tmurphy@cowderymurphy.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 21, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      //s// James T. Cowdery (ct05103)
      James T. Cowdery