# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNNECTICUT

———————————————————————
: 
ANTONIO CABALLERO,                              :
            Plaintiff,                          :      Civ. No. 3:20-cv-1939 (JAM)
                            :
      v.                                       :
                            :
FUERZAS ARMADAS                                  :
REVOLUCIONARIAS DE COLOMBIA, et al.             :
            Defendants,                        :
                            :
      v.                                       :
                            :
INTERACTIVE BROKERS LLC,                         :      May 12, 2021
            Turnover Garnishee.               :
———————————————————————

## ALBA PETROLEOS DE EL SALVADOR S.E.M. DE C.V.'S SUPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

Pursuant to this Court's Order Regarding Oral Argument (Doc. # 114), ALBA Petroleos de El Salvador S.E.M. de C.V. ("ALBA") files this supplemental memorandum of law in support of its Motion to Intervene, Doc. # 90.  For the reasons stated herein, in addition to the reasons stated in ALBA's Motion to Intervene and the corresponding Reply Brief in Support (Doc. # 109), ALBA is entitled to due process and requests that the Court stay and vacate the Court's January 14, 2021, Order, Doc. # 53, granting sealed motion for turnover order ("Turnover Order").  ALBA also requests that the Court set forth a briefing schedule for ALBA's challenge to Plaintiff's TRIA enforcement action and that the Court make available for viewing all previously sealed and ex parte documents.

In order to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2), the moving party must: "(1) timely file an application, (2) show an interest in the action, (3)

demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003). In determining whether intervention is timely, a court considers (1) the length of time the movant knew or should have known of its interest before intervening; (2) prejudice to the existing parties from the movant's delay; (3) prejudice to the movant if intervention is denied; and (4) any unusual circumstances. *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006). While Plaintiff Antonio Caballero claims that ALBA waited too long to intervene, Caballero has not demonstrated any prejudice suffered from the alleged delay, and Plaintiff does not dispute that ALBA satisfies the remaining requirements for intervention as of right.[1]

First, ALBA's intervention is timely. As an initial matter, ALBA has not been properly served with process as required by Section 1608(b) of the Foreign Sovereign Immunities Act ("FSIA"). *See* ALBA Reply, Doc. # 109 at 3-4.  Plaintiff has not shown that his mailing of the court filings and orders to an address in El Salvador: (1) was dispatched by the clerk; (2) required a signed receipt, *and* (3) contained a translation of garnishment notices in Spanish. *See Seramur Saudi Arabian Airlines*, 934 F. Supp. 48, 51–52 (E.D.N.Y. 1996). Therefore, the Court has not acquired jurisdiction over ALBA or its purported assets that are the subject of Plaintiff's collection efforts.

---

[1] Undersigned lead counsel, while representing ALBA's majority owner (PDVSA), learned of Plaintiff's attempt to collect against ALBA's assets in this case at the end of January 2021. ALBA then moved to intervene as quickly as possible under the circumstances, which (1) required undersigned lead counsel to obtain authorization to represent ALBA; (2) required ALBA to secure and retain local counsel; (3) and required ALBA to navigate the issues surrounding the fact that the U.S. assets of PDVSA and its affiliates are blocked by OFAC.

Likewise, Interactive Brokers, LLC ("Interactive Brokers") did not comply with the FSIA and has not served ALBA its third-party interpleader complaint. While counsel for Interactive Brokers emailed a copy of the third-party complaint to counsel for PDVSA and ALBA on February 5, 2021, Interactive Brokers' counsel stated it was a "courtesy copy," and did not ask ALBA's counsel to accept service. ALBA has never agreed to accept service of the interpleader complaint.

Additionally, intervention is timely because this matter is still in its early stages. *See Caballero v. FARC, et al.*, No. 20-mc-80146, 2021 WL 1717174, at *2 (N.D. Cal. April 12, 2021), attached hereto as **Exhibit 1** ("Because this suit is still in its infancy, [the parties] would not be prejudiced [by intervention]."). Several substantive motions attacking the sufficiency of the pleadings are pending before this Court. Interactive Brokers filed an interpleader complaint on February 5, 2021. *See* Doc. # 64. Caballero moved to dismiss the interpleader complaint on February 26, 2021, Doc. # 85, and Stansell and Pescatore moved to dismiss the complaint on April 7, 2021, Doc. # 105. Those motions are pending.

Moreover, ALBA has not had access to relevant documents relating to Plaintiff's claims against ALBA's assets because the documents were sealed until February 17, 2021, and some of them remain unavailable to ALBA's counsel. *See* Doc. #'s 28, 37, 31, 34.  It is undersigned counsel's understanding that these docket entries are not viewable because they are designated as "ex parte." ALBA accordingly requests that the Court remove the "ex parte" designation and direct the clerk to make the documents viewable to ALBA.

Second, other courts presiding over similar proceedings have permitted intervention over the objections of Plaintiff Caballero. *See Caballero*, 2021 WL 1717174, at *2, attached as **Exhibit 1** ("Plaintiff aims to execute a judgment against his assets held in the name of Proposed Intervenor. As a result, Plaintiff 'face[s] an uphill battle at preventing [ ] intervention' because '[i]nterests in

3

property are the most elementary type of right that Rule 24(a) is designed to protect.'"); *Caballero v. FARC*, Case No. 1:20-mc-00040-LJV, Feb. 2, 2021 (W.D.N.Y.), Doc. # 39 (filed in this Court as Doc. # 90-2, Exhibit 2 to ALBA's Motion to Intervene). For example, in the Northern District of California, the court recently granted Montelongo's motion to intervene, finding that it was timely: "[T]he action before this Court is less than a year old . . . . Additionally, because this action has proceeded ex parte, any limited delay in filing the motion can be attributed to Proposed Intervenor's lack of notice of the action itself." *See Caballero*, 2021 WL 1717174, at *2, attached as **Exhibit 1**. Indeed, "to deny a motion to intervene on the basis of timeliness, the prejudice to the other parties must be 'because of the passage of time.' Because this suit is still in its infancy, [the parties] would not be prejudiced." *Id.* (citing *Apple Inc. v. Inacu*, No. 5:20-cv-06128-EJD, 2021 WL 411157, at *3 (N.D. Cal. Feb. 5, 2021) (quotations omitted)).[2] This case is likewise in its early stages, and the passage of time has not caused any prejudice whatsoever to Plaintiff Caballero.

In contrast, the prejudice to ALBA would be severe if the Court denies ALBA's motion to intervene. Due process requires that ALBA be meaningfully heard in opposition to Plaintiff's TRIA action. *See Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 716 (11th Cir. 2014) ("[B]ecause an agency or instrumentality determination carries drastic results—the attachment and execution of property—it undeniably implicates due process concerns."). Indeed, in Caballero's Northern District of California case, the magistrate judge recommended that

---

[2] *See also* ALBA Reply, Doc. # 109 at 7 (citing *Pescatore v. Palmera Pineda*, No. 08-cv-2245, 2019 WL 2173835, at *3 (D.D.C. May 20, 2019) (holding that 1-2 month delay not unreasonable)); *Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 64–65 (1st Cir. 2008) (holding that 9-month delay before moving to intervene was not untimely because "the case had not progressed beyond the initial stages when the motion was filed"); *Peterson v. A.C. Hoyle, Co.*, 163 F.R.D. 550, 553 (E.D. Wisc. 1995) ("While the United States waited a very long period of time (35 months) before filing its motion to intervene, I do not believe that the government's intervention will either delay the resolution of this case or prejudice [defendant].").

Caballero's application for writ of execution against the assets of Montelongo be denied, finding that Caballero did not show a connection between Montelongo and the FARC. *See Caballero v. FARC, et al.*, No. 20-mc-80146, Doc. # 11 at 6 (N.D. Cal. Oct. 8, 2020), attached hereto as **Exhibit 2**. The court noted that "[a]ttached to McBrien's declaration are many general articles about drug trafficking, but there is no specific, concrete evidence linking Montelongo or the Flores Drug Trafficking Organization to FARC." *Id.* Here, ALBA does not yet have access to the McBrien declaration Caballero filed against ALBA here because of the ex parte designation, but ALBA must be granted its due process right to challenge Plaintiff's allegations against it.

In Caballero's Western District of New York action against PDVSA and certain PDVSA affiliates, Judge Vilardo granted PDVSA's motion to intervene. At the parties' status conference, the court asked Caballero's counsel why simple due process does not entitle PDVSA to the right to come before the court and present its legal and factual defenses. Counsel for Caballero agreed that PDVSA should have the opportunity to defend Plaintiff's allegations but insisted that PDVSA agree to submit to the personal jurisdiction of the court. Despite Caballero's insistence that PDVSA submit to the jurisdiction of the court, Judge Vilardo nonetheless allowed PDVSA to set forth any and all defenses to Plaintiff's TRIA action, including jurisdictional defenses.[3]

While ALBA will suffer great prejudice if the Court *denies* ALBA's motion to intervene, Plaintiff is unable to articulate any type of actual prejudice he will suffer if the Court *grants* ALBA's motion to intervene.  The assets that Plaintiff seeks are currently blocked by OFAC, and

---

[3] On May 11, 2021, Judge Vilardo of the Western District of New York granted the motion to substitute counsel filed by the purported Ad Hoc Board of Directors of PDVSA, so that undersigned lead counsel has been replaced by White & Case to represent PDVSA and PDVSA's affiliates in that action. Undersigned lead counsel, however, still represents the Venezuelan Ministry of Finance in the Western District of New York action. In addition, the purported Ad Hoc Board has not provided any indication that it intends to file a similar motion for substitution of ALBA's counsel in this case.

there is no risk that the assets will be moved while ALBA is permitted to intervene. Interactive Brokers' third-party complaint is currently pending, as are Plaintiff Caballero's motion to dismiss the complaint and the Stansell and Pescatore plaintiffs' motion to dismiss or transfer the complaint.

Plaintiff Caballero has not presented a compelling reason for this Court to deny ALBA its due process rights to defend against Plaintiff's ex parte allegations and protect its assets. For the reasons set forth above and in ALBA's memorandum of law in support of its motion to intervene, Doc. # 90, and ALBA's reply in support of motion to intervene, Doc. # 190, ALBA respectfully requests that the Court grant its motion to intervene. ALBA also requests that the Court set forth a briefing schedule for ALBA's challenge to Plaintiff's TRIA enforcement action.

Respectfully submitted,

By:  *s/Marcos Daniel Jiménez*
Marcos Daniel Jiménez
New York Bar No. 4881736
*Pro hac vice motion pending*
Marcos D. Jiménez, P.A.
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone:     305.772.6026
Email:  mdj@mdjlegal.com

- and -

//s// James T. Cowdery (ct05103)
James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
Cowdery & Murphy, LLC
280 Trumbull Street
Hartford, CT 06103
(860) 278-5555 Office
jcowdery@cowderymurphy.com
tmurphy@cowderymurphy.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 12, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


                                    //s// James T. Cowdery (ct05103)
                                    James T. Cowdery