# Tab 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNNECTICUT

| | |
|---|---|
| ANTONIO CABALLERO,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>FUERZAS ARMADAS<br>REVOLUCIONARIAS DE COLOMBIA, et al.<br>　　　　　Defendants,<br><br>　　　v.<br><br>INTERACTIVE BROKERS LLC,<br>　　　　　Turnover Garnishee. | Civ. No. 3:20-cv-1939 (JAM)<br><br><br><br><br><br><br><br>May 27, 2021 |

**ALBA PETROLEOS DE EL SALVADOR S.E.M. DE C.V.'S RESPONSE
IN OPPOSITION TO DOC. #139, PLAINTIFF'S OBJECTIONS TO
<u>CONFIRMATION OF RETENTION OF COUNSEL, DOC. # 132</u>**

ALBA Petroleos de El Salvador S.E.M. de C.V. ("ALBA") respectfully submits its Response in Opposition to Doc. # 139, Plaintiff's Objections to ALBA's Confirmation of Retention of Counsel, Doc. # 132.

As an initial matter, Plaintiff has no standing to question the authority of counsel to represent ALBA because Plaintiff has not been harmed by undersigned counsel's representation. *See, e.g., Dupree v. Hardy*, 859 F.3d 458 (7th Cir. 2017) ("As we previously decided, [plaintiff] does not have standing to disqualify the [defendant's] attorneys because he cannot show that their representation of the county harmed him in any way."); *O'Connor v. Jones*, 946 F.2d 1395 (8th Cir. 1991) (holding that there was no "showing of injury to [Plaintiff] as a result of the state's engagement of these attorneys . . . [and] the District Court disqualified counsel on a motion that it

had no authority to entertain, as [plaintiff] had no standing to raise the question of disqualification").

Furthermore, Plaintiff bases his objection on pure speculation without any basis in fact. Contrary to Plaintiff's claims, Mr. Crespin is of Salvadorian nationality, Doc. # 138-2 at 102, and is currently domiciled in El Salvador, Doc. # 138-2 at 2. Mr. Crespin has not fled to Venezuela from El Salvador.[1] Mr. Crespin's declaration, and the ALBA corporate documents attached thereto, unequivocally establish that Mr. Crespin has the *current authority*, in 2021, to retain counsel for ALBA. *See* Doc. # 138-2. Mr. Crespin, at the general shareholders meeting on November 28, 2018, was duly appointed by ALBA's shareholders to a *three-year term*[2] as Vice President of the Board of Directors and Legal Representative of the company. *Id.* at 102-03. In addition, while Plaintiff attempts to tie Mr. Crespin to the Maduro Venezuelan government, Doc. # 139 at 11, Mr. Crespin was not appointed by ALBA's 60% shareholder, PDV Caribe, S.A. (a subsidiary of a subsidiary of PDVSA); instead, pursuant to ALBA's corporate documents, Mr. Crespin was appointed by the 40% shareholder, ENEPASA, an inter-municipal non-profit owned by seventeen Salvadorian municipalities. *See* Doc. # 138 at 100-02.

Finally, undersigned counsel's appearance in this matter is timely. *See* Doc. # 136, ALBA's Supplemental Memorandum of Law in Support of Motion to Intervene. Plaintiff has not properly

---

[1] While the authorization signed by Mr. Crespin on May 17, 2021, says "Caracas," that is a typographical error. Mr. Crespin is located in El Salvador, and his declaration of May 21, 2021, states it was executed in El Salvador.

[2] While Plaintiff argues that the death of one director, Jose Tomas Minero Dominguez in July 2020 and the alleged expulsion from El Salvador of certain other directors (not Crespin) somehow questions the validity of Mr. Crespin's authority, Doc. # 139 at 11, once again Plaintiff speculates without any basis in fact. There has been no corporate activity removing the authority provided to Mr. Crespin in November 2018 by the current members of the ALBA Board or its shareholders.

served ALBA with process in this action, mooting any timeliness objection.[3] Furthermore, prior to ALBA's appearance, Interactive Brokers, LLC, filed an interpleader complaint with respect to ALBA's assets, mooting any prior purported service by Plaintiff and eliminating any possibility of prejudice to Plaintiff as a result of the timing of ALBA's intervention. ALBA acted as quickly as possible. It had to retain counsel, including local counsel in this District, and it had to navigate OFAC requirements applicable to the retention of counsel by a blocked entity. Plaintiff's argument that ALBA should be barred from intervening in this action has no basis in law. *See* Doc. # 136.

Plaintiff's judgment against the FARC is invalid and was obtained solely because no one appeared to defend the initial action. Plaintiff then commenced *ex parte* actions around the country and improperly purported to serve process on foreign sovereign entities in an effort to collect on his invalid judgment without the appearance of counsel on the other side. Plaintiff's objection is nothing more than a continuation of his improper efforts to unlawfully and unilaterally collect on assets belonging to foreign sovereign entities. The objection should be rejected.

For the foregoing reasons ALBA respectfully requests that the Court reject Plaintiff's objections to ALBA's retention of undersigned counsel.

---

[3] Plaintiff has not shown that ALBA has been served in compliance with Section 1608(b) of the Foreign Sovereign Immunities Act requiring the mailing of the court filings (1) to be dispatched by the clerk; (2) include a signed receipt, and (3) contain a translation of garnishment notices in Spanish. *See Seramur Saudi Arabian Airlines*, 934 F. Supp. 48, 51–52 (E.D.N.Y. 1996). ALBA also has not been properly served with process as required by Federal Rules of Civil Procedure 4(h)(2) and 4(f)(1). Because ALBA is a Salvadoran company, service must have been accomplished by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). The United States and El Salvador are signatories to the Inter-American Convention on Letters Rogatory and Additional Protocol. *See* S. Treaty Doc. No. 27, 98th Cong. 2d Sess. (1984) (contracting party status available at https://www.oas.org/juridico/english/sigs/B-36.html); S. Treaty Doc. No. 98-27, 58 Fed. Reg. 31,132 (1988) (contracting party status available at https://www.oas.org/juridico/english/sigs/B-46.html).

Respectfully submitted,

By: *s/Marcos Daniel Jiménez*
Marcos Daniel Jiménez
New York Bar No. 4881736
*Admitted Pro Hac Vice*
Marcos D. Jiménez, P.A.
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone:	305.772.6026
Email:  mdj@mdjlegal.com

- and -

//s// James T. Cowdery (ct05103)
James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
Cowdery & Murphy, LLC
280 Trumbull Street
Hartford, CT 06103
(860) 278-5555 Office
jcowdery@cowderymurphy.com
tmurphy@cowderymurphy.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                         /s// Marcos D. Jimenez (ny 4881736)
                                         Marcos D. Jimenez